1820.

MILLER
v.
BURROUGHS.

the 30th of *March*. The *English* practice appears to be, (*Hinde*, 272, 273. *Newland's Pr.* 175.) that with respect to exceptions to a report which does not require confirmation, as on the insufficiency of an answer, there is no precise time for filing them. Upon filing the report, the plaintiff may immediately sue out a subpœna for a better answer and for costs; and if the defendant does not file exceptions, and obtain an order for setting them down within eight days from the service of the subpœna, the plaintiff may sue out an attachment; after which the defendant cannot except to the report.

The exceptions to the report, assuming them to have been filed in season, were not well taken. The answers were not sufficiently precise and full, and did not meet and answer all the circumstances from whence a fraudulent combination was to be inferred. The exceptions to the report are, consequently, overruled, and the defendants must, within fourteen days, answer the exceptions to the answers which have been allowed by the Master, and pay the costs accruing to the plaintiff since filing the said exceptions, or that an attachment issue.

*Order accordingly.*

MILLER and others *against* BURROUGHS and others.

On a bond, conditioned to pay, with *interest* at *six* per cent., for the security of which a mortgage has been taken, the plaintiffs, after a forfeiture, are not entitled to *seven* per cent., the lawful interest. But interest is to be paid according to the contract, until it ceases to operate, by being merged in the decree.

*June 22d.*

IN the bond, for which the mortgage in this case was taken as security, the interest was expressed to be at six per

cent per annum. The day of payment having passed, the bond and mortgage became forfeited. The question was, whether the plaintiffs were not entitled to *seven* per cent. interest, being the lawful interest, from the time of the forfeiture.

*Riker*, for the plaintiffs, cited 2 *Dess. Rep.* (*South Carolina*,) 170.

*Per Curiam.* Interest must be decreed according to the contract of the parties, until the contract ceases to operate, by being merged in the decree.

*Six per cent.* only, is, therefore, to be allowed up to the time of confirmation of the Master's report.

---

### Hood *against* Inman.

*Pleadings* should consist of averments or allegations of facts, stated with as much brevity and precision as possible ; not of inference or argument.

*Impertinence* in pleadings, consists in setting forth what is not necessary to be set forth, as stuffing them with recitals and long digressions as to matters of fact wholly immaterial.

Generally, the bill and answer ought not to set forth deeds in *hæc verba ;* but so much of them only, as is material to the point in question ; nor ought they to be argumentative or rhetorical.

EXCEPTIONS to the defendant's answer : 1. That the answer sets forth, in *hæc verba,* a copy of the power of attorney from the plaintiff to the defendant and *William Lang,* mentioned in the bill, though the defendant was not requested so to do, and though the substance of the power was fully stated in the bill, and when, by setting it forth in

*June 23d.*