ALGERNON S. SULLIVAN, Public Administrator, and as Administrator, etc., of DOMINIQUE STROMENER, Deceased, Respondent, v. CHARLES B. FOSDICK and others, Executors, etc., of HENRY DELAFIELD, Deceased, Appellants.

*Statute of limitations — money deposited at interest subject, to draft — burden of proof as to draft — Administrator with will annexed — administers entire personalty — what assets justify his appointment — the appointment cannot be attacked collaterally.*

Where money is deposited with any individual, not a banker, trustee or agent, upon an agreement that he shall pay interest thereon, and that the same shall not be withdrawn except by drafts, payable thirty days after sight, no presumption of payment arises, nor will the statute of limitations run against the

debt, until it is shown that drafts drawn against the said person, in pursuance of the agreement, have been presented and dishonored.

It rests upon the party claiming the benefit of the statute to show the presentation and dishonor of such drafts.

In March, 1854, $4,000 was deposited with one D., upon the agreement that he should pay interest thereon at the rate of six per cent per annum, and that the principal should only be withdrawn by drafts payable thirty days after sight. March 7, 1855, D. wrote to the depositor stating that he had credited him with $240, being the interest to March 1, 1855.

In an action brought by the administrator of the depositor in 1876, *held*,

(1) That no presumption of payment arose under the statute of limitations in regard to the $4,000, until the presentation and dishonor of drafts drawn against the same;

(2) That the letter informing the depositor that the interest due March 1, 1855, had been credited to him, did not have the effect of adding the amount thereof to the principal, so as to cause it to bear interest thereafter, nor did it make that amount then due, so that the statute of limitations would then commence to run against it.

Where an application is made to a surrogate for letters of administration upon the estate of one who has died in a foreign country, upon the ground that he has left assets in the county of such surrogate, it is sufficient if it appear that the deceased had a claim against a resident of the said county for money deposited with him, even though it should subsequently be shown that such claim was invalid and incapable of enforcement.

Where a surrogate has issued letters of administration, with the will annexed, upon the estate of one who has died in a foreign country, neither the validity of the will nor the authority of the administrator can be attacked, by one against whom an action is brought to recover a debt alleged to be due to the estate.

The authority of an administrator, with the will annexed, is not confined to the property disposed of by the will, but it is his duty to collect and administer the entire personal estate within his jurisdiction.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

This action was brought to recover the sum of $4,000 and interest, which sum was deposited by Dominique Stromener with Henry Delafield.

The Abbe Stromener, a priest, at Jeremie, Hayti, in November, 1853, forwarded to Henry Delafield two drafts amounting to $4,000, upon which Mr. Delafield, in February, 1854, realized that sum.

It was agreed that the moneys should be left in Mr. Delafield's hands at six per cent interest, to be drawn only as follows: "And when you wish to withdraw them you can draw on me at thirty days' sight, if that is preferable to sixty days' sight."

On March 1, 1855, Mr. Delafield credited Mr. Stromener with $240, the interest on the above sum to March 1, 1855, and on March seventh advised him thereof by letter.

Mr. Stromener died in 1856 or 1857, and his death was admitted by Mr. Delafield. He left an olographic will, which was proved, under the laws of Hayti, in 1875, and an exemplification thereof was duly adjudicated upon and admitted to probate by the surrogate of the county of New York, by decree made November 30, 1875. The surrogate of said county also by an adjudication by him duly made granted letters of administration, with the will annexed, to the plaintiff, January 3, 1876.

The following is a copy of said will:

"Jeremie, the eighteenth January, thousand eight hundred fifty-six. To Miss Rosemonde Gaveau.— I come to thank you by this letter for all the good care you have bestowed upon me for six years; cares which appear to me like those of a mother or a sister. Therefore, in thankfulness I declare to you that on my death the trunk and all that it contains shall belong to you. That trunk which I have intrusted to you, and which you have deposited with you.

"Your friend,

"(Sd.)  DOMINIQUE STROMENER."

Henry Delafield died in 1875 and the defendants duly qualified as his executors.

Thereupon the proper draft and demand having been made of defendants, and they having refused payment, this action was brought; to which the defendants, after sundry admissions and denials, pleaded: 1. Payment; 2. Statute of limitations.

Upon the trial the defendants offered no evidence, and the only questions raised by them were: 1. The statute of limitations; 2. Presumption of payment; 3. That the paper proved as Mr. Stromener's will was not a will; 4. That plaintiff, in administering the estate, is limited to the assets mentioned in the will.

The referee reported in favor of the plaintiff, and the defendants have appealed from the judgment thereupon.

*Flamen B. Candler,* for the appellants. The plaintiff, in the capacity of administrator with the will annexed, had no right to bring an

action for the claim mentioned in the complaint, for an administrator with the will annexed has interest only in the property disposed of by the terms of the will. The will only disposed of a trunk and its contents, the evidence not disclosing what were the contents. Even where a demand is required, either by rule of law or by express agreement of the parties, before a right of action accrues, yet, after a reasonable lapse of time, a demand will be presumed. (*Codman* v. *Rogers*, 10 Pick. [Mass.], 113; Angell on Limitations [6th ed.], 95, § 96.) As a general rule, where an act on the part of the creditor is necessary to fix the liability of his debtor, the act must be performed within six years from the date of the contract. (*Morrison* v. *Mullin*, 34 Penn. St., 12.) If in a contract to pay money on a condition no time of payment or performance of the condition be fixed, the statute begins to run after the expiration of a reasonable time for payment. (*Doe* v. *Thompson*, 2 Fost. [N. H.], 217; *Laforge* v. *Jayne*, 9 Penn. St. 410; *Pittsburg and Connellsville R. Co.* v. *Byers*, 8 Casey [Penn. St.], 22; *McCully* v. *Pittsburg and Connellsville R. Co.*, 8 Casey, 25; *Pittsburg and Connellsville R. Co.* v. *Graham*, 12 id., 77; *Pott* v *Clegg*, 16 Mees. & Wels., 321; *Bank of Missouri* v. *Benoist*, 10 Mo., 519; *Foley* v *Hill*, 1 Phil. Ch. R., 404; *Topham* v. *Braddick*, 1 Taunt., 572; *Mitchell* v. *McLemon*, 4 Texas, 151; *Lyle* v. *Murray*, 4 Sandf., 590.) Even if the statute has not run against the principal of the loan in the case at bar, for which a thirty or sixty days' draft or demand was made necessary by the terms of the agreement, the plaintiff's alleged claim against that part of the interest which was due prior to six years before the commencement of this action is barred by the statute of limitations. (*Greenleaf* v. *Kellogg*, 2 Mass., 568; *Cooley* v. *Rose*, 3 id., 221; *Herries* v. *Jamieson*, 5 Term. Rep., 553.) A demand for the interest in the case at bar was not necessary before the right of action accrued for such interest. (*Pott* v. *Clegg*, 16 M. & W., 321; *Carr* v. *Carr*, 1 Meriv., 541 *n*; *Devaynes* v. *Noble*, 1 id., 568; *Sims* v. *Bond*, 5 Barne. & Adolph., 38; *Foley* v. *Hill*, 1 Phil. Ch. R., 399; affirmed in 2 House Lord Cases, 39; Bouvier's Law Dict., "Deposit;" *Bank of Missouri* v. *Benoist*, 10 Mo., 419.) No demand is necessary, in the absence of an

express agreement requiring it, before an action for a loan or deposit of money against an ordinary individual who is not a banker, nor an agent, nor a trustee. (See dissenting opinion of Wright, J., in *Payne* v. *Gardiner*, 29 N. Y., 174; *Johnson* v. *Farmers' Bank*, 1 Harr. [Del.], 117; *Darnall's Exrs.* v. *Magruder*, 1 Harris & Gill, 439, Md. Ct. App.; *Laforge* v. *Jayne*, 9 Penn., 410; *Cook* v. *Cook*, 19 Tex., 434.) A provision to pay a note " at any time within six years " is a promise to pay on demand, though not in itself a note, and the statute runs from the date of the promise. (*Young* v. *Weston*, 39 Me. [4 Heath], 492; Parsons on Contracts, vol. 3, *92; *Little* v. *Blunt*, 9 Pick. [Mass.], 488; *Wenman* v. *Mohawk Ins. Co.*, 13 Wend., 267; *Perry* v. *Griffith*, 1 Harris & Gill [Md.], 439; *Norton* v. *Ellam*, 2 Mees. & Wels., 461; *Banough* v. *White*, 4 Barne. & Cress., 325; Angell on Limitations [6th ed.], § 95, and note; *Swift* v. *Lanier*, 1 Hill [S. C.], 31; *Stafford* v. *Richardson*, 15 Wend., 302; *Hickok* v. *Hickok*, 13 Barb., 632; *Lyle* v. *Murray*, 4 Sandf., 591; *Leonard* v. *Pitney*, 5 Wend., 30; *Allen* v. *Mills*, 17 id., 202.)

*James S. Stearns*, for the respondent. The statute does not begin to run until default made. (*Payne* v. *Gardiner*, 29 N. Y., 146; affirming *Payne* v. *Slate*, 39 Barb., 634; *Sweet* v. *Irish*, 36 id., 467; 2 Greenl. on Ev., § 435; Cowen's Treatise, § 1098.) No such presumption of payment can arise until the lapse of a certain period after the cause of action has accrued. (*Ingraham* v. *Baldwin*, 9 N. Y., 47; *Jackson* v. *Hotchkiss*, 6 Cow., 403; *Jackson* v. *Pierce*, 10 Johns., 417; *Heyer* v. *Pruyn*, 7 Paige, 470.) The letters of administration are conclusive evidence of the authority of the persons to whom granted. (2 Edm. Stat., 82, § 56; *Belden* v. *Meeker*, 47 N. Y., 310; same as to Public Administrator, 2 Edm. Stat., 127, § 23.)

Davis, P. J.:

In deciding this case, the learned referee, William M. Pritchard, Esq., delivered the following opinion:

"In November, 1853, Dominique Stromener, an ecclesiastic, residing at Jeremie, in the Republic of Hayti, sent to defendants' testator drafts due about 1st March, 1854, and then paid, for $4,000, which amount he desired Mr. Delafield to retain and allow him interest

upon it. Mr. Delafield declined to allow interest if he was to be liable to refund the money on demand; and it was thereupon agreed between. them, that in order to withdraw said money Stromener must draw on Delafield at thirty days or more after sight, and that Delafield should allow interest at six per cent per annum.

"On 7th March, 1855, Delafield writes to Stromener: 'According to my anterior agreement, I have credited you with $240, being interest for one year from 1st March, 1854, to 1st March, 1855, on the $4,000 of yours which I have in my possession.'

"In 1856 or 1857, Stromener died at Jeremie. In the course of 1857, his death was known to Delafield, and familiarly spoken of by him. The paper which has been admitted to probate as his will bears date 18th January, 1856. No evidence is given that Stromener, in his lifetime, ever drew for the money, or any part of it, or for the interest credited on 1st March, 1855, or that any draft was ever made for it until plaintiff made such draft upon defendants on 26th January, 1876.

"I. It is claimed by defendants that the lapse of time (more than twenty years), from the time of the deposit affords a legal presumption of payment. It is not claimed, however, that action could have been maintained against Mr. Delafield until after a draft at thirty days' sight should have been dishonored; nor is it attempted to be shown, as matter of fact, that any such draft was drawn prior to that by plaintiff as administrator.

"Undoubtedly, as matter of reason, there is ground for arguing that where a contract or transaction has left it optional with a creditor at any time, by notice or other act, to make the debt due after a certain interval, it may just as well be presumed, after suitable lapse of time, that the notice has been given, and payment made, as payment alone may be presumed when debt is due without notice. But presumptions, like other limitations, do. not depend upon the reasons applicable to a particular case. They depend solely upon authority, either of statute or of a course of judicial decisions; and upon authority, it is clear that presumption of payment arises only upon a lapse of time after the cause of action has accrued. The rule is so stated by the text-books (Greenleaf, Phillips) and its application is well illustrated in such cases as *Halden* v. *Crafts* (4 E D. Smith, 490); *Baird* v. *Walker* (12 Barb., 298); *Sweet* v. *Irish*

(26 id., 467). *Payne* v. *Gardiner* (29 N. Y., 146) lays down the same rule, the judges only differing upon the question whether it applies to that particular case.

"The opinion of Judge Woodruff, in *Halden* v. *Crafts*, is an able vindication of the rule.

"II. Many of the authorities cited by counsel were to the effect that presumptions arising from lapse of time may be repelled by proof of circumstances explaining delay, as for instance, in 1 Starkie Nisi Prius Cases, 101, where plaintiff had resided abroad for the last twenty years, and it seems that such proof is admissible. But I have not specially considered that point, having come to the conclusion that presumption of payment did not attach in the present case.

"III. It is objected, by defendants' counsel, that the paper proved as a will of Stromener is not a will within the meaning of 3 Revised Statutes, 152, section 68 (5th ed.).

"The sole requirement of that section for a will of personal estate executed by a person residing out of this State is, that it should be executed according to the laws of the State or country in which it was made.

"The laws of Hayti (Code Civil) have been put in evidence, and contain the following provisions:

"'Art. 778. A will may be oligraphic, or made by public act, or in the mystic form.

"'Art. 779. An oligraphic will shall not be valid unless it is written entirely, dated and signed by the hand of the testator. It is not subject to any other formality.'

"Afterwards, at section 813, the formalities for probate of such will in Hayti are prescribed.

"The will in question is quite informal, but its substance and meaning are clearly and simply testamentary. Can it be doubted that the identical paper, if executed in this State in the manner required by our statute, would be entitled to probate?

"It is shown to have been executed according to the laws of Hayti, and duly admitted to probate there; and an authenticated copy of the will and probate having been produced before the surrogate of New York, he has adjudged and decreed that the will had been *duly* admitted, that the copy had been *duly* authenticated, and that letters of administration should issue thereon.

"IV. But it is claimed that the surrogate had no jurisdiction to issue letters upon such will.

"The surrogate's jurisdiction does not depend in the least upon the will. He must have jurisdiction on other grounds, and then the statute requires the copy will to be presented to 'the surrogate having jurisdiction.'

"The ground of jurisdiction here is a plain one, that the decedent left assets within this county. If defendants deny that fact because the claim against Mr. Delafield may be invalid, that would be a mere begging of the question. The claim itself, if made in good faith, is assets without reference to the final result of a suit upon it.

"V. In this view and for the purposes of this action, it can hardly be material whether the will is valid or not. Upon the single fact of a decedent having left assets in the county, the surrogate had jurisdiction, and the public administrator, in the absence of relatives, etc., was entitled to letters of administration. It makes no difference as to his powers whether they are issued with the will annexed or without. The difference is in the manner of distribution.

"VI. It would have been a shorter, and perhaps an equally proper and effectual mode of disposing of the fourth point of defendant's counsel, to say that, after all, the mode of appointment of plaintiff was not open to objection by defendants in this action.

"If this is a valid claim against their testator they will be abundantly protected in paying it to the plaintiff. (2 Edm. St., 80, § 47; 2 id., 82, § 56.)

"The letters of administration are sufficient evidence *prima facie* to establish plaintiff's representative capacity. (*Belden* v. *Meeker,* 47 N. Y., 310.)

"Payment to an administrator, duly appointed, is a bar to a second action, even though the intestate was not dead and appointment had been obtained by fraud. The decision of the surrogate that the requisite jurisdictional facts exist, is conclusive until regularly reversed or vacated, and will protect all innocent parties acting on the faith of it. (*Roderigas* v. *E. R. Savings Institution,* N. Y. Court of Appeals; reported in American Law Register, for April, 1876; 63 N. Y., 460.)

"VII. The statute (3 R. S. [5th ed.], p. 157, § 22) makes no such

limitation upon the authority of an administrator with the will annexed as is claimed in the brief of defendant's counsel.

" On the contrary, it is the obvious duty of any executor or administrator to collect and administer the entire personal estate within his jurisdiction. Our statute specially regulates the distribution of the surplus after all the requirements of the will are satisfied. (2 R. S. [1st ed.], 96, § 75.) The whole system of our statutes is inconsistent with the theory that the powers of an executor or administrator with the will annexed, are limited to fulfilling the requirements of the will. The same principle and practice prevail in other States. (*Parris* v. *Cobb*, 5 Richardson's Eq., 450 ; *Hays* v. *Jackson*, 6 Mass., 149.)

"VIII. A question of detail remains as to the exact amount of plaintiff's recovery. What was the effect, if any, of Mr. Delafield's letter of March 7, 1855, informing Stromener that he had credited him with $240, being interest for one year, to 1st of March, 1855, on the $4,000, in the absence, so far as appears, of any answer from Stromener ?

" Was it added to the principal, so as itself to bear interest ? I think not. If Stromener had chosen to call for payment of interest at any time I suppose he would have been entitled to it on demand, and Mr. Delafield had expressly refused to allow interest on any sum payable on demand.

" Did that letter have the effect of separating the $240 from the principal and making it due, so that any statute of limitations might run against it ? Apparently not. According to *Payne* v. *Gardner*, cited above, action could not have been maintained for that $240 without previous demand, and the statute of limitations would not apply to it.

" On the whole, I am of opinion that the letter merely informed Stromener of an existing fact, and had no legal effect whatever ; that the true principal sum is $4,000, and that the interest incident to it runs from 24th February, 1854, at six per cent, and runs at that rate to the present time. When a contract calls for interest at less than the lawful rate, the same rate of interest continues after the debt becomes due, and until judgment. (*Miller* v. *Burroughs*, 4 Johns. Ch., 436 ; *Van Beuren* v. *Van Gaasbeck*, 4 Cowen, 496 ; *N. Y. L. and T. Co.* v. *Manning*, 3 Sandf. Ch. [m. p.], 58.)"

This opinion covers, with admirable ability and clearness, every important question raised upon the trial, or on this appeal, but one. A careful examination of the case has led us to the same conclusions reached by the referee in respect to the points considered by him; and it is unnecessary, for that reason, to do more than adopt his opinion as our own.

In respect to the question so elaborately and ably argued by the learned counsel for the appellant, whether a demand was necessary in this case, in order to set the statute of limitations in motion, we are of opinion that the question is disposed of by the case of *Payne* v. *Gardiner* (29 N. Y., 146), which holds, in substance, that a demand is necessary before action, in the case of a deposit with an individual who is not a banker, trustee or agent. But in this case, a demand was required by the express agreement between the parties; and the precise form of demand was specified by the agreement to be a draft at thirty or sixty days' sight. In such a case we see no reason to doubt that the defendant's testator could have protected himself against any action brought by the plaintiff's testator at any time prior to such demand. In respect to the presumption that such demand had been made, so that the statute commenced to run long enough before the beginning of this action to bar the recovery, it may be suggested, in addition to the reasons presented by the learned referee, that it does not appear in the case that any person was authorized to make the demand, from the time of the death of Stromener, in 1857, until the probate of his will before the courts of Hayti, in 1875. Upon such a state of facts it is very questionable whether the presumption of a demand has any ground to stand upon, notwithstanding the great lapse of time since the deposit of the money.

Under the case of *Roderigas* v. *East River Savings Institution* (63 N. Y., 460) the appellants will be fully protected in making payment of the demand to the respondent.

The judgment should be affirmed, with costs.

Brady and Daniels, JJ., concurred.

Judgment affirmed, with costs.