(5 Misc. Rep. 194.)

### ELMIRA IRON & STEEL ROLLING MILL CO. v. CITY OF ELMIRA.

(Supreme Court, Special Term, Chemung County. October, 1893.)

INTEREST—AFTER MATURITY OF BOND.
    A bond which, by its terms, specifies a rate of interest less than the legal rate, draws only the specified rate after the bond has matured.

Action by the Elmira Iron & Steel Rolling Mill Company against the city of Elmira on an overdue bond of defendant city, which, by its terms, specified the rate of interest at $3\frac{1}{2}$ per cent. per annum. Plaintiff contends that the bond draws the legal rate of 6 per cent. per annum after maturity.

Reynolds, Stanchfield & Collin, for plaintiff.

J. A. Gibson, for defendant.

SMITH, J. In Andrews v. Keeler, 19 Hun, 87, the headnote reads:

"A note, after the maturity thereof, runs at the rate of interest specified therein, until it is merged in a judgment thereon."

With reference to this, the court at general term said:

"Another item of the plaintiff's claim was a promissory note made by the defendant, dated April 17, 1867, for $775.10, payable ten days after date, with interest at six per cent. The referee, after deducting all payments proved, allowed the plaintiff interest on the balance at the rate of seven per cent. from the time of the maturity of the note. In this we think he erred, the true rule being that the interest is to be computed at six per cent., according to the rate prescribed by the contract, until it ceases to operate by being merged in the judgment;" citing cases.

It will be noticed that this case was decided before the statute of 1879, changing the rate of interest from 7 to 6 per cent. This decision seems to be a determination by our own department of the question at issue, and by it I consider myself bound, unless it has been overruled, or unless there can be found dicta in the court of appeals which indicate to a moral certainty that it will be overruled when the question there arises. It is not claimed

on behalf of the plaintiff in this action that this decision has been overruled by any case, except so far as its authority may be considered impaired by what is said by the court of appeals in the case of O'Brien v. Young, 95 N. Y. 428, and in the case of Ferris v. Hard, 135 N. Y. 365, 32 N. E. Rep. 129. In the case of O'Brien v. Young, the question here at issue was not before the court for its decision. It was there determined, simply, that a judgment was not a contract, and consequently that the change of the interest law in 1880 acted upon the judgment, and that after that date a judgment before recovered could only bear 6 per cent. interest. Even that law is questioned in a very strong opinion by Justice Harlan in the United States supreme court, in Morley v. Railway Co., 146 U. S., at page 172, and 13 Sup. Ct. Rep., at page 58, in which Mr. Justice Field and Mr. Justice Brewer concur. But the defendant has no quarrel with the decision of the question there before the court. The plaintiff finds his support in the dicta of Judge Earl, wherein he says that:

"The same authorities [referring to the authorities cited before] show that after the maturity of such a contract the interest is to be computed as damages according to the rate prescribed by the law, and not according to that prescribed in the contract, if that be more or less."

I have examined carefully the authorities cited by Judge Earl from the New York state courts, and they do not state to me the rule of law which he seems to derive therefrom. In none of those cases was the question squarely discussed and decided. This question was not before Judge Earl when the opinion was written, and his attention does not seem to have been called to the cases in this state holding a contrary doctrine, which I shall have occasion to refer to hereafter. In the case of Ferris v. Hard, 135 N. Y. 365, 32 N. E. Rep. 129, Judge Peckham seems to indicate that the interest would be at the statutory rate after the maturity of the contract, but in the case he was then discussing there was no rate specified in the contract. It seems to be settled beyond dispute, where the rate is not specified in the contract, that after maturity interest is to be reckoned at the statutory rate. In the case of Ferris v. Hard there was no occasion to present to the court the authorities which I think must control the construction of a contract wherein the rate of interest is specified, and those authorities are not discussed in the opinion. The same remarks apply to the case of Loos v. Wilkinson, 113 N. Y. 485, 21 N. E. Rep. 392. By referring to that case as reported below in 51 Hun, 74, 5 N. Y. Supp. 410, it will be noticed, in the opinion of Justice Follett, that the rate of interest was not there specified in the contract.

The United States supreme court has dealt with this question most unsatisfactorily. In the cases cited by Judge Earl, the doctrine contended for by the plaintiff would seem to have been held. But in the case of Holden v. Trust Co., 100 U. S. 74, the court say that "the question is always one of local law." In Cromwell v. Sac Co., 96 U. S. 61, Justice Field, in writing for an unanimous court, says:

"There are, however, conflicting decisions, but the preponderance of opinion is in favor of the doctrine that the stipulated rate of interest attends the contract until it is merged in the judgment."

In Miller v. Burroughs, 4 Johns. Ch. 436, it is held:

"On a bond conditioned to pay with interest at six per cent., for the security of which a mortgage has been taken, the plaintiffs, after a forfeiture, are not entitled to seven per cent., the lawful interest, but interest is to be paid according to the contract until it ceases to operate by being merged in the decree."

In Van Beuren v. Van Gaasbeck, 4 Cow. 497, the court, by Woodworth, J., say:

"The bond is conditioned for the payment of interest at the rate of six per cent. per annum.  The contract of the parties is not confined to the time limited for the payment of the principal, but is general, and continues until the contract ceases to operate."

In Sullivan v. Fosdick, 10 Hun, 181, the first department has held that when a contract calls for interest at less than the lawful rate the same rate of interest continues after the debt becomes due, and until judgment.   In Association v. Eagleson, 60 How. Pr. 10, Judge Freedman, at special term in the superior court, approved and followed the Andrews Case, cited above.   In Patteson v. Graham, 1 N. Y. Supp. 2, the general term of the common pleas of New York, with the case of O'Brien v. Young before them, held that, the contract between the parties having provided for interest at a specified rate, that rate governed until payment, or until the contract was merged in judgment.   In Genet v. Kissam, 53 N. Y. Super. Ct. 43, the general term of the superior court, with the case of O'Brien v. Young, 95 N. Y. 428, before them, held that where a bond and mortgage was made in 1868, dated November 4, 1868, to secure the payment of $10,000, payable at three years from date, with interest at the rate of 7 per cent. per annum, payable quarterly, the interest ran at 7 per cent. until the principal was paid.   In Union Institution for Savings v. City of Boston, 129 Mass. 82, the supreme court of Massachusetts, after a very careful review of the decisions of the United States court, and of other states, including the earlier decisions in the state of New York, reached the conclusion that:

"If the parties to the contract stipulated for a higher rate of interest than six per cent., interest after the breach of the contract is ordinarily to be measured by the rate stated in the contract to the time of payment or judgment."

This seems to be the rule in the majority of states where the question has been under discussion.   See 11 Amer. & Eng. Enc. Law, 416.

I am confronted, therefore, by seven cases in this state wherein this question has been considered, and determined adversely to the plaintiff's claim.   One of those authorities is the determination of our own department.   I am asked to overrule these authorities upon the dicta in two cases in the court of appeals,—both of them in cases where the question to be determined in this case was not before the court, and, presumably, was not argued before the judges, and where it does not appear that the authorities that have been cited to me to sustain the defendant's contention were pre-

sented to the court for their consideration. If the question were free from precedent, I can see some strong reasons in support of the rule of law for which the plaintiff contends. But the rule of stare decisis is firmly grounded in our jurisprudence. Whatever may be my own opinion, to sustain the plaintiff's claim in this action would do violence to this salutary rule of decision. I cannot say that there is any reasonable certainty that these cases will finally be overruled, and a contrary rule of law be held in this state. I am constrained, therefore, by the force of authority, to hold that the rate specified in this contract must determine the amount of plaintiff's recovery.