SAMUEL P. BURNELL, Respondent, *v.* DE FOREST WELD,
Impleaded, etc., Appellant.

In an action upon an alleged judgment of the Supreme Judicial Court of
the State of Maine, the copy of the judgment record, offered in evidence
by plaintiff, purported to be attested by the clerk under the seal of
the court; following the copy thus attested, and attached thereto, was a
copy of an execution, attested in like manner, the attestation being of a
subsequent date to that of the record; immediately following the last
attestation, and attached thereto, was a certificate of the chief justice
of the court, to the effect, that the one who signed as clerk is the clerk
of the court; "that the foregoing signature, purporting to be his is gen-
uine, and that the seal thereto, by him affixed, is the seal of said Supreme
Judicial Court, and that the foregoing attestation is in due form of law."
The copy of the record was objected to as not properly exemplified; the
objection was overruled. *Held*, error; that as the certificate speaks of
but one attestation, seal and signature, and speaks of the "foregoing,"
it referred only to the last preceding attestation, *i. e.*, the one to the
copy execution; and that, therefore, there was no certificate authentica-
ting the copy of the record, as prescribed by the act of Congress. (U. S.
R. S., 170, § 905.)
The record recited the issuing of a writ, the non-residence of defendants,
the issuing of an attachment, and the granting of an order of publication,
but did not contain a copy of the writ or order; it recited the appear-
ance of defendants by attorneys, set forth the pleadings, and stated that
a trial was had by jury, a verdict rendered for a sum specified, and
judgment entered for the amount thereof, with costs. *Held*, that the
record was complete and sufficient, and showed that the court acquired
jurisdiction of the persons of the defendants by their voluntary appearance.

(Argued December 16, 1878; decided January 21, 1879.)

APPEAL from judgment of the General Term of the
Supreme Court, in the fourth judicial department, affirming
a judgment in favor of plaintiff, entered upon a decision of
the court on trial without a jury.

This action was brought upon an alleged judgment of the
Supreme Judicial Court of the State of Maine. The defend-
ant Weld alone appeared and defended.

A paper, purporting to be a copy of the record of the
judgment, was offered in evidence on the trial; it was
objected to by defendants' counsel, upon the ground, among

others, that it was not properly exemplified, as required by the act of Congress, in that there was no certificate of the chief justice. The objection was overruled, and said counsel duly excepted. The manner of exemplification is set forth in the opinion.

The record, among other things, recites the issuing of the writ but does not contain a copy of it, names the parties, being the present plaintiff, as plaintiff then, and present defendants as principal defendants then, and names others as trustees; sets out the declaration in the old form on the common counts, alleging a promise from the principal defendants to plaintiff; recites the attaching of goods of these defendants, their non-residence and an order of publication as to them, but does not contain a copy of the order; that the trustees appeared and made disclosure, and case was continued as to them; that afterward the notice by publication having been given to the principal defendants, they appeared by attorneys, and pleaded the general issue, setting out a special matter of defense, pleas of settlement and payment; that the case was tried by jury and verdict for plaintiff, $493.84, the verdict being set out in full; that the defendants named as trustees were so adjudged in the sum of $72.75; that the trustees filed exceptions; that the action was thence transferred to the Supreme Judicial Court for the western district for adjudication upon questions of law, when in January, 1872, the exceptions were sustained, and, thereafter, the trustees were discharged, but no copy of the proceedings in the law court is set out. It then goes on as follows: "It is, therefore, considered by the court that the said plaintiff recover against the said principal defendants the sum of $525.65, debt or damage, and costs of suit taxed at $40.26."

*A. Hazeltine, Jr.*, for appellant.

*R. P. Marvin*, for respondent. The certificate was a full compliance with the statute. (U. S. R. S., 170, § 905; 2 R. S., 397, note.)

RAPALLO, J. We think that the record of the judgment of the Supreme Judicial Court of Maine on which this action is brought is a complete judgment record, and that it shows that the court acquired jurisdiction of the persons of the defendants by their voluntarily appearing and defending. We should affirm the judgment in the present action but for a defect in the exemplification of the copy of the record of the Maine judgment which was admitted in evidence on the trial of this action. Objection to its admission having been taken specifically on the ground of that defect, we cannot ignore it. The defect consists in the want of a proper certificate of a judge of the court, authenticating the attestation by the clerk, of the copy of the record, as prescribed by the act of Congress. The copy of the record purports to be attested by Daniel P. Atwood, clerk, under the seal of the court. Following the copy thus attested and attached thereto is a copy of an execution. This copy execution is in like manner attested by the same clerk under the seal of the court, and immediately following this paper and attached thereto is a certificate of the chief justice of the court, to the effect that Atwood is the clerk of the court and that "the foregoing signature purporting to be his is genuine, and that the seal thereto by him affixed is the seal of the said Supreme Judicial Court and that the foregoing attestation is in due form of law. This certificate speaks of but one attestation, one seal and one signature. There is nothing in its language applying it to the attestation attached to the judgment record. On the contrary as it immediately follows the attestation attached to the copy execution and refers to the "foregoing" attestation, its literal meaning is that the last preceding attestation is genuine and in due form. The two attestations bear different dates, and are entirely distinct, the attestation immediately preceding the certificate bearing the latest date and the certificate bearing no date. We cannot change the language of this certificate from the singular to the plural. Although it is probable that all the papers were attached together when the certificate was signed and

that the omission to refer to both attestations was an oversight, we have no power to supply the omission. The defect being insisted upon, we have no alternative but to order a new trial on that ground though it may be of little avail to the appellant, his other points being overruled.

The judgment is reversed and a new trial ordered, costs to abide the event.

All concur, except CHURCH, Ch. J., and EARL, J., dissenting.

Judgment reversed.