VIRGINIA N. TAYLOR, as Executrix, etc., Appellant, *v.* THOMAS L. WING, Impleaded, etc., Respondent.

In an action to foreclose two mortgages, it appeared that there was a prior mortgage upon the premises, the beneficiary owner whereof, in pursuance of an agreement under which a fourth mortgage was executed and accepted, covenanted that said mortgage should have priority of lien over his mortgage, as if it had been previously executed and recorded. The lien of the first mortgage was subsequently discharged. *Held,* that the covenant did not give the fourth mortgage a priority of lien over plaintiff's mortgages ; that the intent of the parties to the agreement under which the fourth mortgage was taken was not to place that mortgage ahead of plaintiff's mortgages, or to give its owner an interest in the first mortgage, but simply that the liens prior to the fourth mortgage should only be the amount of plaintiff's mortgages; and that the agreement was fully satisfied by a discharge of the first mortgage.

It was stipulated in plaintiff's mortgages which were executed prior to the passage of the act (chap. 538, Laws of 1879) reducing the rate of interest to six per cent, that the principal sum should bear interest at seven per cent until paid. By the decision and judgment entered thereon, interest was directed to be paid on the amount found due, from the date of the decision, at the rate of seven per cent. *Held,* error ; that after entry of judgment the mortgages were merged therein, and thereafter plaintiff was entitled to interest, not by virtue of the mortgages, but of the judgment ; and so, that the interest should have been at the lawful rate.

*Taylor* v. *Wing* (23 Hun, 233), reversed.

(Argued February 2, 1881 ; decided March 15, 1881.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, entered upon an order

made December 14, 1880, reversing in part a judgment entered upon a decision of the court on trial at Special Term. (Reported below, 23 Hun, 233.)

The nature òf the action and the facts appear sufficiently in the opinion.

*O. D. M. Baker* for appellant. The respondent must stand here by the theory of his case, as presented by his answer and at the trial. (*Home Ins. Co. v. Transportation Co.,* 51 N. Y. 93; 96.) On the date of William L. Ferris, Jr.'s, assignment to Wing, the mortgage was not owned by Ferris; it was not a lien, and had no legal life; Ferris could not enforce it, nor can respondent as his assignee he stands where Ferris did. (*Schaffer* v. *Reilly,* 50 N. Y. 61; *Union College* v. *Wheeler,* 61 id. 88; *Davis* v. *Bechstein,* 69 id. 440.) Priority is a matter of such strict legal right, that the courts have not permitted equitable considerations to disturb it. (*Banta* v. *Garmo,* 1 Sandf. Ch. 383; *Frost* v. *Yonkers Savings Bank,* 70 N. Y. 553.) That plaintiff was not a party to the release does not affect her right to priority. (*Smith* v. *Brackett,* 36 Barb. 571.) The exception to the finding, as to the rate of interest, is too general. (*McMahon* v. *N. Y. & Erie R. R. Co.,* 20 N. Y. 463, 470.) The finding excepted to is good in the part as to principal and as to some interest, and, being so, the exception fails. (*Haggart* v. *Morgan,* 5 N. Y. 421; *Jones* v. *Osgood,* 6 id. 233; *Coldwell* v. *Murphy,* 11 id. 416; *Newell* v. *Doty,* 33 id. 83–93; *Storm* v. *Transportation Co.,* 38 id. 240–2.) The decree is in the nature of a direction for specific performance of, and follows and executes, the agreement of the parties. (*Chrysler* v. *Renois,* 43 N. Y. 209.)

*W. Farrington* for respondent. In a case tried by the court, a finding of fact without evidence to support it, if excepted to, presents a question of law, subject to review in this court. (*Sickles* v. *Flannagan,* 79 N. Y. 224; *Draper* v. *Stouvenal,* 38 id. 219; *Mason* v. *Lord,* 49 id. 476; *Matthews* v. *Coe,* id. 57.) The refusal to find a fact proved by uncon-

troverted evidence is a legal error available in this court. (*Mason* v. *Lord*, 40 N. Y. 476, 484.) The proceedings on the accounting, and the decree in those proceedings, are not evidence in this action of what was adjudged therein. (*Dale* v. *Rosevelt*, 1 Paige's Ch. 35; *Booth* v. *Powers*, 56 N. Y. 22.) The conveyance, and the declaration subjecting the land to the mortgage, not having been made for the benefit of the mortgagor and he not being privy to them, the grantee and mortgagor had power to revoke the dedication of the land to the payment of the mortgage. (*Knickerbocker Life Ins. Co.* v. *Nelson*, 78 N. Y. 137, 152, 153; *Simpson* v. *Brown*, 68 id. 355; *Merrill* v. *Green*, 55 id. 270; *Kelley* v. *Roberts*, 40 id. 432.) There was no merger by the conveyance to the trustee, of the lands covered by the mortgage. (*Clift* v. *White*, 12 N. Y. 532; Preston on Quantity of Estates, etc., 567; *James* v. *Morey*, 2 Cow. 246, 285, 303, 313; *Clift* v. *White*, 12 N. Y. 532, 533; *Payne* v. *Wilson*, 74 id. 348; *Millspaugh* v. *McBride*, 7 Paige's Ch. 509, 511.) There was no estoppel. (*Brown* v. *Bowen*, 30 N. Y. 519, 541; *Pike* v. *Acker*, Hill & Denio's Sup. 90; *Springsteen* v. *Powers*, 3 Robt. 483; *White* v. *Ashton*, 51 N. Y. 280; *Baker* v. *Mut. L. Ins. Co.*, 43 id. 283; *Brewster* v. *Striker*, 2 id. 19.) As Wing derived his title to the county treasurer mortgage from the bank through Millard, he is entitled to be first paid $2,100 out of the proceeds of the sale. (*Frost* v. *Yonkers Sav. Bk.*, 70 N. Y. 553.) The judgment erroneously directs payment of interest on the amount adjudged due at seven per cent. A judgment can only draw interest at the legal rate. (*Watson* v. *Fuller*, 6 Johns. 284; *Sayre* v. *Austin*, 3 Wend. 496; chap. 324, Laws of 1844; Code of Civ. Proc., § 1211.)

EARL, J. This is an action to foreclose two mortgages made by Lindley W. Ferris, since deceased, one for $2,000, given to Garret B. Conklin, May 1, 1867, and by him assigned to plaintiff's testator February 8, 1869, and the other for $6,000, given at the latter date directly to the testator. It is undisputed that the principal sum of $8,000, and the interest thereon

from the same date, less $120, is due upon these mortgages to the plaintiff. The controversy between these parties ·grows out of two mortgages held by the defendant Wing, one of which is earlier and the other of which is later than plaintiff's mortgages.

The judge at Special Term found among other things that in November, 1864, Lindley M. Ferris and his wife executed and delivered to the treasurer of Orange county a mortgage upon the premises mentioned in the complaint, to secure the payment after his death of $9,000 in equal portions, to his three minor children, Gertrude C., Caroline M. and William L. Ferris, Jr., which mortgage was at the same date re_ corded in the clerk's office of Dutchess county; that after Gertrude reached her majority, in March, 1867, she executed to her father a release and discharge of her interest in that mortgage, and after Caroline reached her majority, November 18, 1870, she also executed to her father a similar release and discharge, and that there then remained secured by the mortgage only the sum of $3,000, the portion therein of William L. Ferris, Jr.; that on the 18th day of November, 1870, Lindley M. Ferris and wife executed and delivered to The Farmers & Manufacturers' National Bank of Poughkeepsie, a mortgage upon the same premises, with other lands, conditioned to pay the sum of $15,000 on demand, with interest, but, in fact, to secure the bank for discounts to be made for Ferris; that at the same time William L. Ferris, Jr., then a minor, together with Lindley M. Ferris and D. Colden Murray, by an instrument under seal, covenanted and agreed that on the arrival of William L. Ferris, Jr., at his majority, he would execute and deliver to the bank an instrument sufficient to release his interest in the mortgaged premises, and to give the bank a lien by virtue of its mortgage prior to the lien of the mortgage to the county treasurer; that William L. became of age on the 13th day of January, 1872, and on the 8th day of February thereafter he executed an instrument under seal referring to the prior instrument as annexed, in which he covenanted and agreed that the bank mortgage should have

priority of lien before and above the mortgage to the county treasurer, as fully and to the same effect as if it had been previously executed and recorded; that after he became of age he received a bond from his father for $5,000, which included his share of the sum secured by the mortgage to the county treasurer; that such bond was given and received with the intent to discharge the land described in that mortgage from the lien of the mortgage, and to make the debt secured thereby a personal debt against the obligor, his father; that the bank mortgage, with the agreement of William L. Ferris, Jr., as to the priority of that mortgage, was in March, 1878, assigned to one Millard, and on the 6th day of January, 1880, they were duly assigned to the defendant Wing, there being then due upon the mortgage the sum of $2,100; that on the 3d day of January, 1880, in pursuance of an order made by the Supreme Court upon the application of William L. Ferris, Jr., the county treasurer of Orange county assigned the mortgage for $9,000 held by him to William L., and on the 6th day of January thereafter he assigned the same mortgage to defendant Wing, as security for the sum of $600 then loaned to him by Wing, and also as additional security for the sum of $2,100 secured by the bank mortgage. And upon the facts found, the court decided, as matter of law, that the plaintiff was entitled to judgment, deciding that the mortgage first executed to the county treasurer was not a lien upon the premises described in the complaint, and directing the clerk of Dutchess county to cancel and satisfy the same of record, and declaring plaintiff's two mortgages to be liens upon the premises prior to the lien of the bank mortgage and to be first paid out of the proceeds of the mortgaged premises.

Upon appeal to the General Term, the court there, without disturbing any of the findings of fact at the Special Term, decided that, by virtue of the agreement of William L. Ferris, Jr., the bank mortgage was substituted in the place of the mortgage to the county treasurer, and took the place thereof, and hence that it had priority over plaintiff's mortgages. The plaintiff claims that the learned General Term fell into error

in this decision, and we are of the same opinion. When the bank took its mortgage, we must assume that it had notice of plaintiff's two mortgages which were then upon record. It was apparently willing to take its mortgage subject to these mortgages, but unwilling to take it subject also to the $3,000 secured to the mortgagor's son in the first mortgage, and hence the agreement that that mortgage should be postponed to its mortgage. It was not the intention of the parties to that agreement to place the bank mortgage ahead of plaintiff's two mortgages, or to give the bank any interest in the first mortgage. The bank found three mortgages upon the premises, se-curing $11,000, and what the parties intended to effect by the agreement was that there should be ahead of the bank mort-gage $8,000 only, instead of $11,000, and that agreement was fully satisfied by the discharge of the first mortgage.

If some holder of the first mortgage were here claiming pri-ority over the bank mortgage, we would have a different ques-tion to solve. Some means would then be taken to protect the bank mortgage against such claim; and that could be done, in case the proceeds of the foreclosure sale were not sufficient to satisfy all the mortgages, by taking so much of such proceeds, otherwise applicable upon the first mortgage, as would be suffi-cient to satisfy the bank mortgage, and applying them upon that mortgage. But William L. Ferris, Jr., did not assign his interest in the first mortgage to the bank as security for its mortgage, and did not bind himself, or preclude himself, from receiving payment of his interest in the first mortgage, and he did not agree that the bank mortgage should stand in the place of the first mortgage. When he discharged the lien of the first mortgage he placed the bank, as to its mortgage, just where it must have been intended, by his agreement, it should be placed. We can, therefore, perceive no ground upon which the defendant Wing can have priority over plaintiff's mort-gages.

But the defendant Wing makes a further claim that the court at Special Term erred in finding that the lien of the first mort-gage had been discharged in the life-time of the mortgagor,

and in ordering it to be canceled and discharged of record. The General Term not having reversed this finding of fact, we need to look only to see if there was any evidence which authorized it. We think there was. The evidence shows that, after the death of Lindley M. Ferris, all his children and his executors treated that mortgage as discharged, and the $3,000, which was secured thereby to William L. Ferris, Jr., as an unsecured claim against the estate of Lindley M. Without now going into the evidence in detail, we think there was some evidence upon which the court at Special Term could base its finding, and we are, therefore, concluded thereby.

Plaintiff's mortgages contained the usual insurance clause, and she claimed $45 paid for insurance upon the premises, and this was allowed to her. We do not think there was evidence sufficient to authorize such allowance.

In each of plaintiff's mortgages it was expressly stipulated that the principal sum should bear interest at seven per cent until it was paid. It is admitted that there was no error, notwithstanding the statute subsequently passed, reducing the rate of interest to six per cent, in allowing the plaintiff's interest at seven per cent, as stipulated, until the date of the decision of the case. At that date there was due, for principal and interest thus computed, upon the mortgages, the sum of $8,687.33. This sum the court ordered to be paid to the plaintiff, with interest at seven per cent until paid, out of the proceeds of the sale, and so it was provided in the judgment. After the entry of judgment of foreclosure the plaintiff was entitled to interest upon the sum found to be due upon the mortgages, not by virtue of the mortgages, but by virtue of the judgment in which the mortgages became merged. The interest to be allowed upon the judgment is the lawful interest, to wit: six per cent. The General Term should have corrected these two errors, and we will now do what it should have done. We have examined all the other allegations of error, and find none which call for a reversal of the judgment at Special Term.

The order of the General Term should, therefore, be reversed, and the judgment of the Special Term should be modi-

fied by striking therefrom the allowance of the $45, and the interest thereon, and also by providing that the interest upon the amount found due the plaintiff upon the mortgages should be at the rate of six per cent, instead of seven per cent, and, as thus modified, that judgment must be affirmed, without costs to either party upon the appeals to the General Term and to this court.

All concur, except FOLGER, Ch. J., and MILLER, J., not voting.

Order reversed and judgment affirmed as modified.