WILLIAM SIEWERT, Respondent, *v.* DEDERICK HAMEL,. Appellant.

*Judgment of foreclosure and for any deficiency arising on a sale — when a judgment for deficiency may be entered without a sale.*

During the pendency of this action brought to foreclose a mortgage, a prior mortgage upon the same premises was foreclosed and the premises were sold and purchased by the plaintiff herein. A surplus arising upon that sale was received by the plaintiff herein and applied in reduction of the amount due upon his mortgage. The usual judgment of foreclosure and sale was entered in this action, after the said sale under the prior mortgage, and the referee was directed to specify the amount of the deficiency in his report of sale, and the defendant was directed to pay the same to the plaintiff. Thereafter the plaintiff, without having had the premises sold under his judgment, applied for leave to enter a judgment for deficiency for the amount remaining due upon his judgment after applying thereon the amount of surplus money received under the foreclosure of the prior mortgage.

*Held,* that the application was properly granted.

*Loeb* v. *Willis* (22 Hun, 508) distinguished.

Appeal from an order made in an action for the foreclosure of a mortgage, directing the clerk to enter judgment against the defendant for $5,887.06, after a decree of foreclosure and sale had been entered and a sale had been made in another action brought to foreclose a prior mortgage upon the same premises, and without any sale having been made of the premises under the judgment of foreclosure entered in this action, which was brought to foreclose a second mortgage on the said premises.

This action was commenced in July, 1876, by the plaintiff for the foreclosure of a mortgage given by the defendant on property in New York. An answer was interposed therein by defendant, alleging usury. The interest not being paid on a first mortgage on

the same premises, on January 2, 1877, an action was commenced for the foreclosure thereof, and on April 3, 1877, a judgment was entered therein for the sale of the said premises.

This action was tried at a Special Term on April 13, 1877, and on April 16, 1877, findings were signed whereby the court found that the mortgage sought to be foreclosed in this action was good to the extent of $7,832, but no judgment was then entered thereon. On April 30, 1877, the premises were sold under the foreclosure of the first mortgage and bought in by this plaintiff for $22,050, and he is still the owner thereof. There being a surplus on such sale, proceedings were instituted by this plaintiff to obtain the same, and on June 20, 1877, such surplus was paid over to him pursuant to an order then entered. On July 13, 1877, the plaintiff, entered herein the usual judgment of foreclosure and sale, from which successive appeals were taken to the General Term and to the Court of Appeals, where it was affirmed. On July, 1883, the plaintiff applied for leave to enter a judgment for the deficiency remaining on his judgment, after crediting thereon the amount of such surplus received by him under the foreclosure of the first mortgage, and on August 9, 1883, an order was entered granting such application, from which order the plaintiff now appeals.

*William McCrea*, for the appellant.

*Edgar Whitlock*, for the respondent.

Brady, J.:

It appears that after this action was commenced the Union Dime Savings Bank proceeded to foreclose a mortgage which they held against the premises described in the plaintiff's mortgage, under which a sale took place prior to the entry of the plaintiff's judgment herein, and at which sale the plaintiff herein became the purchaser. It also appears that under the sale mentioned there was a surplus, which the plaintiff herein proceeded to obtain and acquire by proper measures, and applied the same to the account of the defendant. The judgment entered herein directed the referee to specify the amount of the deficiency in his report of sale and that the defendant pay the same to the plaintiff. And by the findings

herein it was declared by the justice who tried the cause that the plaintiff was entitled to judgment against the defendant for the deficiency, if any. The premises having been sold under a prior mortgage, and there being therefore nothing to sell under the judgment, application was made for an order directing the entry of a judgment herein for the amount due after the payment of the moneys obtained out of the surplus already mentioned, and which was the deficiency, that sum being still due after the payment of the surplus as already mentioned.

Justice POTTER, to whom the matter was presented, disposed of it in an opinion which, we think, correctly expresses the rules of law by which the motion should be governed. He distinguishes this case from the case of *Loeb* v. *Willis* (22 Hun, 508), and properly says in regard to the case cited that there the plaintiff, who was the second mortgagee and moved for judgment for a deficiency, had no judgment whatever, whilst in this case there was a judgment of sale and a judgment for a deficiency, and it was further distinguishable from this case from the fact that there was no surplus and here there was a surplus; and further, that the amount of the plaintiff's claim herein was reduced by the application of the surplus.

It must be admitted that the line is very close between this case and the one cited, but nevertheless the existence of the judgment in the plaintiff's favor and the surplus, and the application of that surplus, would seem to make the deficiency apparent as the result of a sale of the premises, although that sale did not take place under the plaintiff's judgment. For this reason, although it must be conceded that it is not free from doubt, it is thought, inasmuch as no sale of the premises described in the mortgage given took place under the plaintiff's judgment, a sale of them having been already made by legal process, and as no good could result from such an incident and as it would therefore be a work of supererogation, the plaintiff herein should not be subjected to the necessity of abandoning this action, in which the deficiency, if any existed, was decreed, and be compelled to resort to an action on the bond and thus obtain a judgment *in personam*. A mistake was made, however, in the allowance of interest, which could be only at the rate of seven per cent up to the time of the passage of the act reducing the rate of interest to six per cent, the judgment having been entered before

that statute took effect. Such is the law. (*Taylor* v. *Wing,* 84 N. Y., 471.)

The order must be modified, therefore, by deducting the excessive interest, and affirmed in all other respects, without costs to either party.

DAVIS, P. J., and DANIELS, J., concurred.

Order modified as directed in opinion and affirmed as modified, without costs.