WELLS, FARGO & COMPANY, Respondent, *v.* ERWIN DAVIS, Appellant.

*Court of Appeals, May* 10, 1887.

Modifying same case, 34 Hun, 628, Mem.

1. *Appeal. Objection not raised below.*—An objection, which could be obviated if made in time, cannot prevail when taken for the first time in an appellate court.

2. *Judgment. Interest.*—In an action brought in this state upon a judgment obtained in another state, the interest allowed is that of the *lex fori;* and a provison in the judgment sued on, allowing interest at the rate of ten per cent, does not control.

Action upon a judgment of the district court of the third judicial district of the territory of Utah.

Appeal from a judgment of the general term of the supreme court.

This action was brought on a judgment recovered in the district court for the third judicial district of Utah territory, against Erwin Davis and John N. H. Patrick for $7, 462.33, with interest thereon at the rate of of ten per cent per annum, from the date thereof, till paid, with forty-nine dollars costs and disbursements. Patrick was not served with the summons in this action. The court in this action directed a verdict for plaintiff for the amount of the alleged judgment, with interest at ten per cent from the date of recovery.

*Henry A. Root,* for appellant.

*Wm. Bro. Smith*, for respondent.

DANFORTH, J.—There are two questions in this case:

*First.* Whether the paper purporting to be a copy of a judgment roll of the district court of the third judicial district of the territory of Utah was properly exemplified; and, if so, then,

*Second.* Whether the plaintiff was entitled in this action to recover interest at the rate of ten per cent upon the sum adjudged thereby to be due.

1. The act of congress (Rev. St. U. S., § 905) requires that the "records and judicial proceedings of the courts of any state or territory shall be proved or admitted in any other court within the United States, by the attestation of the clerk and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief-justice, or presiding magistrate that the said attestation is in due form." These forms seem to have been strictly complied with. After the exemplification of the record under the seal of the court comes first the attestation of a judge described as "judge of the district court of the third judicial district, territory of Utah;" that the exemplification referred to is in due form of law; that O. J. Averell, whose name is subscribed thereto, was at its date clerk of that court; and that the signature of his name is genuine. After that is the certificate of Averell, described as clerk of the court referred to; that its records are in his custody as such officer; that the foregoing is a copy of so much of said records as constitutes the judgment record in said cause; that he has compared the same with the original; and that the same is a correct transcript therefrom and the whole of such original. To this is affixed, as he certifies, his official seal. We have therefore a copy of the entire record, the attestation of the clerk, the seal of the court, and the certificate of an officer described as "judge" of the court in which the judgment disclosed by the record appears to have been rendered.

The appellant's objection at this point is that the certificate does not show that the person making it was either " sole judge, chief-justice, or presiding magistrate of the court;" nor that, at the time of making it, the court from which it purports to come, was composed of one judge only, and that the person making the certificate was that judge. If this objection had been presented to the trial court and there insisted upon, it would be necessary to consider whether, in ·view of the decisions of other courts, cited by the learned counsel for the appellant, it would not be ground of error. But it was not there pointed out.

The objections to the admission of the copy of the judgment were of a different character. It was assumed by the defendant that the provisions of the laws of the United States applied to the case ; but it was said (1) that no evidence had been offered of the organization of the court " which rendered it " as a territorial court of Utah, and that the judgment does not prove the organization of that court; (2) that the certificate of the clerk does not certify that the judge whose signature is attached to the certificate was a judge of the district court of Utah, and that the exemplification is not a proper one.

In Burnell *v.* Weld (76 N. Y. 103), to which the appellant calls our attention, it appeared that the copy of the record offered in evidence was objected to upon the trial upon the ground that " it was not properly exemplified, as required by the act of congress, in that there was no certificate of the chief-justice," and we were constrained to sustain an appeal from the ruling of the court below because the defect was specifically pointed out at the time its admission was objected to. It was not so in the case at bar. Had it been, other evidence might have been offered. An objection which could be obviated if ·made in time cannot prevail when taken for the first time in an appellate court. The same remarks apply to the point now made also for the first time, that the seal to the attestation clause was put directly

upon the paper, whereas it is urged it should have been impressed upon wax or other adhesive substance.   Without reference, however, to the laws of the United States (*supra*), we think the record was properly certified under the provisions of the laws of this state, and so admissible in evidence.

But we think the court erred in allowing interest upon the cause of action at the rate of ten per cent per annum. The judgment sued upon was entered in October, 1877, upon a verdict of $7,462.33, and the record recites "that, by virtue of the law and the premises aforesaid"—the proceedings in the action—"it is ordered and adjudged that said plaintiff have and recover from said defendants the sum of seven thousand four hundred and sixty-two and 33–100 dollars, with interest thereon at the rate of ten per cent per annum from the date hereof till paid."   Upon the trial the plaintiff's counsel proved, against objection and exception by the defendant, that, under the laws of Utah relating to the subject, it was lawful to take ten per cent interest per annum, when the amount of interest has not been specified or agreed upon, and computed interest upon the recovery from its date at ten per cent per annum, making, at that rate, the sum due upon the judgment of principal and interest, $12,063.88.    This sum the court held the plaintiff was entitled to recover, and the defendant by proper exceptions to this ruling, and exceptions to the refusal of the court to charge otherwise, has fairly raised the proposition upon which he asks a modification of the judgment which followed this ruling.   We think his contention must prevail under the rule already declared by this court, that interest is given upon a judgment, not on the principle of implied contract, but as damages for delay in performing the obligation.

In Taylor *v.* Wing (84 N. Y. 471) the mortgage in terms called for interest "at seven per cent until paid," and by the judgment interest at the same rate was directed to be

paid on the amount found due from the date of the decision. Upon appeal this was held to be wrong, and that after judgment the mortgage was merged therein, and thereafter plaintiff was entitled to interest, not by virtue of the mortgage, but of the judgment, and that the interest should have been at the lawful rate, *i. e.*, six per cent. To the same effect was Salter *v.* Railroad Co. (86 N. Y. 401).

In Prouty *v.* Lake Shore and M. S. Railway Co. (95 N. Y. 667), the judgment before the court was by its terms payable with interest.

In O'Brien *v.* Young (95 N. Y., 428), that provision was lacking, but each judgment was recovered when the statutory rate of interest was seven per cent, and as to each it was held that the amount of interest to be collected on execution must be governed by statute, and that the rate changed when the general law reduced that rate to six per cent. Laws 1879, chap. 538. The fact that one judgment specifically provided for the payment of interest was not supposed to create any distinction in the application of the law regulating that question. The law of the state made every judgment interest bearing, and the obligation for its payment was not increased or varied by inserting a direction to that effect in the record. The provision in the judgment of Utah, therefore, in regard to interest, is of no more force in regulating the rate of interest upon suit brought in this state than is the statute of that territory which justified its court in allowing it. As the increase is allowed, not as interest, but as damages, its measure must be that of the state where the action for its recovery is brought. The *lex fori* governs. This is the necessary result of the decisions in this court already referred to, and the same doctrine, as to similar cases, prevails in the courts of Massachusetts. Clark *v.* Child, 136 Mass. 344.

The respondent relies, as against this position, upon an expression in one of the opinions in the O'Brien Case

(*supra*), to the effect that when a judgment requires a specified rate of interest to be paid, the rate specified becomes a part of the obligation to be discharged.    That was said in reviewing Prouty *v.* Lake Shore and M. S. Railway Co. (*supra*)—a decision in equity which provided for a specific performance of a contract between parties in respect to certain dividends in arrear directed to be paid, " with interest thereon from the entry of judgment until the same shall have been fully paid and satisfied."    The clause was held to be insufficient to justify the collection of interest at seven per cent after the act of 1879, although the judgment was recovered before that time ; and the remark quoted was by way of argument merely, not essential to a disposition of any question upon which the case finally turned, nor to the conclusion that interest upon a judgment was allowable by way of penalty or damages for default.    Concerning it, neither the law of Utah nor the judgment can have extra-territorial force.    It seems to me, therefore, that the interest to be allowed as damages in this case should be governed by the law in force in this state at the time of the trial (Laws 1879, chap. 538), viz., six per cent; but a majority of the court are of opinion that the plaintiff may properly recover seven per cent interest from the time of the rendition of the judgment in Utah until the act of 1879 (*supra*) took effect, and from that time at the rate of six per cent.

The judgment should, therefore, be modified by deducting the difference between these rates for the times specified, and interest at ten per cent, and, as so modified, affirmed, without costs in this court.

All concur, except EARL and FINCH, JJ., who vote for general affirmance.