FRED P. WILCOX, as Executor of the Last Will and Testament of OTIS N. WILCOX, Deceased, Respondent, *v.* QUINCY VAN VOORHIS and FRANCES A. VAN VOORHIS, Appellants, and Others.

*Interest on a bond and mortgage — at what rate chargeable — voluntary payment.*

In an action brought for the foreclosure of a mortgage, which provided that it was "intended as security for the payment of the sum of twelve hundred dollars in one year after the date hereof, with interest thereon at the rate of seven per cent per annum, to be paid half-yearly on the first days of January and July in each year, and also at the time the principal shall be paid," it appeared that, up to January, 1889, interest had been paid thereon at the rate of seven per cent per annum.

*Held,* that such payments of interest, in excess of the amount legally collectible, having been voluntarily made with a full knowledge of the facts, that the owner of the mortgaged premises was not entitled to have the excess thereof, over and above legal interest, applied on the principal of the debt.

That, by the terms of the bond and mortgage in this case, the plaintiff was entitled to collect interest, at the rate of seven per cent per annum, down to the time of actual payment, or until the contract was merged in a judgment.

APPEAL by the defendants, Quincy Van Voorhis and Frances A. Van Voorhis, from a judgment of the County Court of Monroe county, entered in the office of the clerk of the county of Monroe on the 12th day of June, 1890.

*Eugene Van Voorhis* and *Wile & Goff*, for the appellants.

*E. F. Wellington*, for the respondent.

DWIGHT, P. J.:

The action was to foreclose a mortgage of real estate. The only question litigated was of the sufficiency of a tender made before the commencement of the action, and that turned wholly upon the

question whether interest had been paid in excess of the rate legally chargeable, and whether the defendants were entitled to have such excess applied in reduction of the principal sum due on the mortgage.

The facts were as follows: The mortgage was for $1,200, and was made in 1873 by the defendant Frances A. Van Voorhis to the Monroe County Savings Bank, and assigned by the latter in 1879 to the plaintiffs' testator. The mortgage was, by its terms, "intended as security for the payment of the sum of $1,200 in one year after the date hereof, with interest thereon at the rate of seven per cent per annum, to be paid half yearly on the first days of January and July in each year, and also at the time the principal shall be paid * * * according to the conditions of a bond," etc., and the conditions of the bond were to the same effect. In July, 1881, the mortgagor conveyed the mortgaged premises to the defendant Quincy Van Voorhis, who thereupon, as part of the purchase-price, assumed and agreed to pay the mortgage. Up to the date of such conveyance the mortgagor had paid the interest at the rate of seven per cent per annum. After the conveyance the defendant Quincy Van Voorhis continued to pay the interest at the same rate, namely, the sum of forty-two dollars semi-annually, up to and including the first payment in the year 1889, taking receipts therefor, which, in most instances, specified that the same was received as interest. On the 1st of July, 1889, he tendered to the plaintiff the sum of $1,181.50 as in full of the amount due on the mortgage. The plaintiff declined to receive the tender as not being sufficient in amount, and subsequently commenced this action.

The tender was sufficient in amount only upon the theory that there had been an over-payment of interest by the difference between six and seven per cent from the 1st day of July, 1881, and that the defendant was entitled to have the excess applied as payment on the principal of the mortgage. The learned county judge held and found that the payments of interest in question were in excess of the amount legally collectible, but that such payments were voluntarily made by the defendant with full knowledge of the facts, and that for that reason he was not entitled to have the excess applied on the principal debt secured. We think that, upon the authorities cited by him, the county judge was clearly right in his final conclusion as to the effect of a voluntary payment, even though in

excess of the rate of interest collectible under the terms of the security. (*New York Life Ins. and Trust Co.* v. *Manning,* 3 Sandf. Ch., 63; *Ritter* v. *Phillips,* 53 N. Y., 588; *Bennett* v. *Bates,* 94 id., 355.) But we are also of the opinion that, by the terms of the bond and mortgage in this case, the plaintiff was entitled to collect interest at the rate of seven per cent down to the time of actual payment, or until the contract was merged in a judgment. Seven per cent was the legal rate of interest at the time the contract was made. It is true the mortgage was payable in one year from its date, but we think the condition, taken as a whole, clearly implies that interest was to be paid at the same rate until the principal should be paid. The language of the condition is · " This grant is intended as security for the payment of the sum of $1,200 in one year after the date hereof, with interest thereon at the rate of seven per cent per annum, to be paid half yearly on the first days of January and July *in each year,* and also *at the time the principal shall be paid.*" It is well known to be the custom of savings banks to require mortgages taken by them to be made payable in one year, but to suffer them to run for a series of years so long as the interest is promptly paid. Seven per cent was the legal rate of interest at the time the mortgage was made, and it was entirely unnecessary to specify that rate of interest in respect to the time for which, by its terms, the mortgage was to run. Such specification could have no effect, except in contemplation of an indefinite extension of the time of payment of the mortgage and of a possible change in the legal rate of interest during such extension; and the particular terms employed in this condition, we think, point to the same contingencies as within the contemplation and intention of the parties at the time this contract was made.

If it be the proper interpretation of this contract that the parties understood and intended that interest should be paid at the rate specified until the principal should be paid, then no subsequent change of the statute could affect the rate of interest payable on this mortgage down to that time, or until the contract is merged in a judgment. (*O'Brien* v. *Young,* 95 N. Y., 428, 430; *Taylor* v. *Wing,* 84 id., 477.)

Upon this ground, as well as upon that indicated in the opinion of the county judge, we agree with him that the defendant was not

entitled to any credit on the principal debt of the mortgage by reason of excess of interest paid, and, consequently, that the tender made by him was insufficient in amount to affect the lien of the mortgage. The judgment appealed from should be affirmed.

MACOMBER and CORLETT, JJ., concurred.

Judgment appealed from affirmed, with costs.