PETER J. FERRIS, as Trustee, etc., et al., Respondents, *v.* SAMUEL B. HARD et al., Appellants.

An allegation contained in an answer which has no reference to and does not admit any allegation of the complaint, is not a conclusive admission, and the defendant is not estopped thereby from proving a fact inconsistent with the allegation.

In an action to foreclose a mortgage, executed in 1874 by husband and wife, upon land owned by the wife, securing the payment of a bond executed by the husband, which bond by its terms was conditioned for the payment of $10,000, with interest, in four annual payments, the answers of the mortgagors alleged, in substance, as an affirmative defense, that the mortgage was executed to secure loans theretofore made and thereafter to be made to the obligor, denied that the sum stated was due thereon, and asked for an accounting. The complaint contained no averments as to the consideration. On the trial the husband testified that nothing was said at the time he executed the mortgage that it was to secure loans theretofore or thereafter made; but that the bond and mortgage were executed to be sold. The wife, to explain the contradiction between the answers and the husband's testimony, then offered to show that the latter informed the attorney who drew the answers that the bond and mortgage were executed and delivered to be sold, as absolute

securities for his benefit, not as alleged in the answers; that the attorney advised him there was no legal difference, that the mortgagee would have the right to hold them as such securities, and that relying upon this advice, he and his wife put in the answers. This evidence was excluded on plaintiffs' objection. *Held* error; that plaintiff having permitted without objection the evidence to be given contradicting the answer, it was too late to claim that defendants were concluded thereby; and that defendants were entitled to an explanation of the contradiction; also, that the alleged admissions in the answers were not of such a character as to require the exclusion on that ground of evidence of an inconsistent fact.

The mortgage was executed to one B., and purports to secure payment to him of the sum named. The alleged indebtedness secured was to a firm of which B. was a member; it was claimed on the part of the wife that, as she executed the mortgage as surety for her husband, the contract was to be strictly interpreted in her favor, and it could not be enforced as security for the firm debt. *Held*, untenable; that either party to the instrument was entitled to show by parol, for any purpose except to prevent its operation as a valid mortgage, or to enlarge the liability incurred, that the consideration was different from that therein stated; and that this principle was not affected by the fact that one of the parties was a surety.

Also *held*, that as interest after the mortgage debt became due could only be recovered as damages at the rate prescribed by law, plaintiff was entitled to seven per cent on all sums unpaid up to the time the legal rate was reduced to six per cent, and from that time at that rate.

(Argued June 13, 1892; decided October 11, 1892.)

APPEAL from judgment of the General Term of the Superior Court of the city of Buffalo, entered upon an order made July 16, 1891, which affirmed a judgment in favor of plaintiffs entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George Wadsworth* for appellants. The mortgage is only security for the debt evidenced by the bond, and the assignee took it subject to all defenses and equities. (*Trustees, etc.*, v. *Wheeler*, 61 N. Y. 88.) When a wife mortgages her real estate to secure payment of her husband's debt she is a surety, and has all the rights, privileges and defenses of a

surety. (*Bank of Albion* v. *Burns*, 46 N. Y. 170; *Vartice* v. *Underwood*, 18 Barb. 561; *E. C. S. Bank* v. *Roop*, 80 N. Y. 591, 597; *Loomer* v. *Wheelwright*, 3 Sand. Ch. 135; *Smith* v. *Townsend*, 15 N. Y. 479.) Margaret H. Hard was a mere surety for her husband's debt, and her liability cannot be extended beyond the precise literal terms of her contract. (*Walsh* v. *Bailie*, 10 Johns. 180; *K. M. I. Co.* v. *Clark*, 33 Barb. 196; *N. M. B. Assn.* v. *Conkling*, 90 N. Y. 117; *Ward* v. *Stahl*, 81 id. 406.) The mortgage cannot be enforced as security for the payment of S. B. Hard's debt to Lyon, Bork & Co., or any other firm; although Joseph Bork was a member of such firm, it is good only as security for a debt owing to Joseph Bork personally. (*Walsh* v. *Bailie*, 10 Johns. 180; *Penoyer* v. *Watson*, 16 id. 99; *Dobbin* v. *Bradley*, 17 Wend. 422; *Birckhead* v. *Brown*, 5 Hill, 634; *Bigelow* v. *Benton*, 14 Barb. 123; *Barns* v. *Barrow*, 61 N. Y. 39.) Debts contracted after the mortgage was given are not within its terms, and it is not security for their payment. (*Simons* v. *F. N. Bank*, 93 N. Y. 269; *Bank of Albion* v. *Burns*, 46 id. 170.) When the contract is in writing the surety cannot be held to perform another agreement not written, even if the parol agreement truly expresses the intent of the parties and the written one does not. (*Hamilton* v. *Van Rensellaer*, 43 N. Y. 244; *E. N. Bank* v. *Kaufman*, 93 id. 273; *Rindge* v. *Judson*, 24 id. 64; *McCluskey* v. *Cromwell*, 71 id. 593; *Newell* v. *People*, 7 id. 97; *Ludlow* v. *Simond*, 2 Caine's Cas. 1, 28; *Kelso* v. *Taber*, 52 Barb. 125; *C. E. Ins. Co.* v. *Babcock*, 42 N. Y. 643; *Yale* v. *Dederer*, 18 id. 265, 276.) The referee allowed too much interest. (*O'Brien* v. *Young*, 95 N. Y. 428; *Bennett* v. *Bates*, 94 id. 354, 374; *Taylor* v. *Wing*, 84 id. 471, 477; *Siewert* v. *Hamel*, 40 Hun, 44, 46.)

*Price A. Matteson* for respondents. An objection that there is a misjoinder of parties plaintiff must be taken by demurrer. (Code Civ. Pro. § 488, subd. 5, § 499.) Even if, as between Mrs. Hard and her husband, she was his surety, the statement

of the account of Lyon, Bork & Co., made to Mr. Hard is part of the *res gestæ*, and was competent evidence. (*Hatch* v. *Elkins*, 65 N. Y. 496; *Bulluck* v. *Boyd*, 2 Edw. Ch.. 293; *Fenner* v. *Lewis*, 10 Johns. 38; *Douglass* v. *Howland*, 24 Wend. 36; *H. M. Co.* v. *Farrington*, 16 Hun, 591; *Ayer* v. *Getty*, 11 N. Y. S. R. 303; *T. N. Bank* v. *Darragh*, 3 T. & C. 138.) When Mrs. Hard executed the mortgage as collateral to her husband's bond, she intended to assume a liability in the sum of $10,000 for him to Mr. Bork. (*Bank of Albion* v. *Burns*, 46 N. Y. 170.)

PECKHAM, J. This is an action to foreclose a mortgage executed by defendants Hard upon land owned by the defendant Mrs. Hard.

The amended complaint sets forth the fact of the execution of the bond by defendant Samuel B. Hard to one Joseph Bork, on the 10th of September, 1874, for the payment of $10,000 in four equal payments of $2,500 on the 10th of September in each of the years 1876, 1877, 1878 and 1879, with interest semi-annually on all sums remaining from time to time unpaid. To secure such payments, the amended complaint alleged that defendants Hard executed a mortgage bearing even date with the bond, and whereby they mortgaged the land described in the amended complaint. The mortgage was duly acknowledged and certified, and it was delivered to Bork on the day of its date. On February 1, 1876, Bork duly assigned the same to plaintiff, as trustee for the city of Buffalo, and the city is the real party in interest, and the sole and absolute owner of the bond and mortgage. It is then further averred that there is due and remaining unpaid the sum of ten thousand dollars, and interest thereon from September 10, 1874, at seven per cent. Further appropriate and ordinary allegations for the foreclosure of the mortgage were set forth in the pleading.

The defendant Margaret Hard put in a separate answer, and set up in the way of an independent allegation, that she was seized on the 10th of September, 1874, and possessed in her

own right of the lands described in the amended complaint, and that on such day she executed a mortgage of the premises mentioned in the amended complaint, and delivered it under the circumstances, and upon the consideration, and for the purpose then set forth in her answer. She also therein alleged that she was, in September, 1874, informed that her husband was indebted to the firm of Lyon, Bork & Co., on account of money loaned by the firm to him, and she was requested to execute a mortgage to Joseph Bork, one of the firm, upon her land for the purpose of securing such firm against loss by reason of such loans theretofore made and thereafter to be made to her husband, and she thereupon executed a mortgage upon lands described in the amended complaint, and delivered it for such purpose. She believed the mortgage set forth in the amended complaint to be the same one thus executed and delivered. The answer further stated that the firm had, since that time, received moneys which should be applied on her husband's indebtedness to the firm, but there had been no accounting, and she denied any knowledge, etc., that the sum of ten thousand dollars was due. She then denied any knowledge or information sufficient to form a belief as to the truth of the allegations of the amended complaint, " not hereinbefore admitted, qualified or denied, and, therefore, she denies the same and each and every of such allegations." No question appears to have been raised as to the form of this denial.

The action was referred to a referee for trial, and he reported in favor of the plaintiff for foreclosure and sale of the premises to pay the full amount of ten thousand dollars, and interest at seven per cent from the execution of the mortgage.

Judgment was accordingly entered, and the same has been affirmed upon appeal at General Term of the Superior Court of the city of Buffalo, and from the judgment of affirmance the defendants Hard have appealed to this court.

Upon the trial, Samuel B. Hard was called as a witness on behalf of the defendants. It appears that his answer to the complaint also contained the allegation that the mortgage had been executed in order to secure the firm of Lyon, Bork &

Co. for loans of money theretofore made and which might thereafter be made to the witness. Upon the trial, he testified that nothing was ever said between him and Bork (with whom the whole transaction concededly took place) that the mortgage should stand for anything he owed, nor that it was given to secure any advances subsequently to be made by either of the firms or by Bork. Hard also testified that he told Bork that he would get his (Hard's) wife to execute a mortgage for $10,000 on a part of the creek property, and that he would give Bork his own bond, and that Bork should sell the bond and mortgage.

Here was a direct contradiction between the evidence of Mr. Hard and his sworn answer.

It would seem that this contradiction was fully understood and its serious character appreciated by the defendants and their counsel. The record shows that the defendant Mrs. Hard offered to show by her husband, Mr. Hard, the witness then on the stand, that when his and Mrs. Hard's answers were drawn Mr. Hard informed the attorney who drew them that the bond and mortgage in question were executed and delivered to Bork to be sold by him for the benefit of Mr. Hard, as absolute securities and not as securities for any amount then owing by him or for advances thereafter to be made, and the attorney advised him there was no legal difference; that the mortgagee would have the right to hold them as such security, and that such was the legal effect of the transaction, and that relying upon such advice and supposing it to be correct he and the defendant Margaret H. Hard answered the complaint as shown by their answers herein. The plaintiff objected to this evidence as immaterial, incompetent and irrelevant, and the court sustained the objection and the defendants excepted.

We think this offer should have been allowed to be proved. As the evidence stood a clear contradiction was shown between the evidence and the sworn answer of the witness, and any evidence which tended, if believed, to explain such contradiction in a manner consistent with the honesty of the witness the defendants were entitled to give.

If the plaintiff claim that the allegation in the answer was an admission of a fact which concluded the defendant so long as it remained a part of the pleading, one objection to such claim is that it comes too late. The plaintiff had permitted the evidence to be given which showed the contradiction, and it was then too late to interpose with an objection which would preclude any explanation of the contradiction. This is upon common principles of fairness. If the plaintiff had a conclusive objection to the proof of any fact which would contradict an admission in the answer, he was bound to state it when the evidence in contradiction was offered, and he should not be permitted to acquiesce in its admission without objection, and subsequently present the objection when the witness desires to explain this contradiction. Otherwise the plaintiff obtains the benefit of the contradiction and its effect as more or less of an impeachment of the rest of the evidence of the witness, while at the same time he secures the conclusive character of the admission in the pleading. This he should not be permitted to do.

Upon examination of the so-called admission we are of the opinion that it is not of such a character as to prevent on that ground evidence of an inconsistent fact. It admits no allegation of the complaint. That pleading made no allegation as to the consideration of the bond and mortgage. It alleged the execution of the bond in the penal sum of twenty thousand dollars, with the condition for the payment of ten thousand as therein stated, and that the mortgage was executed as security for the bond.

The answer of Mrs. Hard set up as an affirmative defense the execution of the mortgage for the purpose of securing the firm of Lyon, Bork & Co. for loans already made by that firm to her husband, or which might thereafter be made to him, and then stated the further facts necessary to secure an accounting, and denied the indebtedness of ten thousand dollars. The only admission that could possibly be here claimed would consist in an admission of the execution of a mortgage upon the lands described in the amended complaint.

It in fact is nothing but an allegation of the execution of a mortgage, coupled with and forming part of the allegation as to its consideration. An answer may contain a direct or an implied admission of some fact alleged in a complaint. The admission is implied when the fact alleged in the complaint is not denied in the answer. It is direct when the admission is made in terms. Either form of admission of an allegation contained in the complaint is conclusive upon a defendant so long as it remains in the pleading and the plaintiff can point to it as conclusive proof of the truth of his allegation. (*Paige* v. *Willett*, 38 N. Y. 28; *Robbins* ⁻. *Codman*, 4 E. D. Smith, 315, 325.) An allegation contained in an answer setting up an affirmative defense which has no reference to and does not admit any allegation of the complaint is of an entirely different nature. Such allegation is not an admission contained in a pleading which is conclusive so long as it remains in the record. An admission which so concludes a party admits something already alleged or set forth in the pleading to which the pleading containing the admission is an answer. In this case the allegation as to the consideration of the mortgage admitted nothing as to that consideration which was set forth in the complaint, for there was no allegation therein as to the consideration, and consequently the defendant was not concluded from showing a fact which was inconsistent with his allegation of the consideration on the ground that he had admitted the consideration and could not be heard to prove one inconsistent with such admission. The plaintiff could avail himself of the allegation in the answer as a declaration by defendant, and the defendant could explain it by other evidence so far as possible.

The question whether this evidence of the consideration as testified to by Mr. Hard was not objectionable on the ground that it changed substantially the defense (Code, § 723) is not now here. No such question was raised when the evidence was given. Subsequent to that time the defendants requested the referee to give them leave to amend the answers by striking out the allegations as to the consideration of the mortgage

and by inserting allegations in conformity to the testimony of defendant, Hard. This was objected to by the plaintiff upon the ground that such amendment would change the issues and also because the defendants had been guilty of *laches.* The court denied the motion for lack of jurisdiction, and not as discretionary. I suppose the motion was made so that the evidence already in without objection might be regarded by the referee as properly taken upon a question raised by the pleadings and in order that he should not ignore the evidence as not material to any issue raised, although coming in without objection. The defendants, of course, desired the benefit of this evidence, if there were any, and, therefore, naturally sought to have it appear as material evidence offered upon an issue raised by their answers in the action.

As there must be a new trial because of the error in refusing, under the circumstances already set forth, to allow the defendant, Hard, to explain the apparent contradiction in his evidence when compared with his answer, it is not necessary to decide whether the referee was or was not correct in his decision. The motion for leave to amend can be now made at Special Term, if defendants be so advised, before another trial is entered upon, and the court can decide the motion upon such terms as to it may appear to be just. The rules for permitting amendments to pleadings before trial so as to have them present the case as the parties desire it, are very properly quite liberal and there is no fear that the defendants will be treated with any injustice in such a matter.

It would be quite unfortunate for the parties if we should send this case back for a new trial without deciding the real question which appellants' counsel has so ingeniously argued. He says this mortgage was executed by the defendant, Mrs. Hard, as a surety for her husband's liability and her contract must be judged according to the strictest rules governing contracts of sureties. The mortgage, he says, is in terms one to Joseph Bork and on its face purports to secure the payment to him of ten thousand dollars, and it cannot be enforced as security for the payment of Mr. Hard's debt to Lyon, Bork

& Co., or any other firm, even though Joseph Bork were a member thereof, and it can only be enforced as a security for a debt owing to Joseph Bork personally.  He urges that the contract is one to answer for the debt of a third person and must be in writing and the writing must govern, even though it do not express the parol contract which in fact had been entered into.  Thus, if Mrs. Hard had agreed by parol to secure by her mortgage the debts of her husband to Bork, or to any firm of which he was a member, and the mortgage was in terms to secure her husband's personal indebtedness to Bork alone, it could not, he argues, be enforced for the firm indebtedness because of the want of an agreement in writing to that effect.  The principle claimed by the counsel may be correct, but it is not applicable to this case.

It is true that the indebtedness for which the land of Mrs. Hard is to be held liable is that of a third person, viz. : her husband, but her contract in regard to it is in writing and signed by her.  The statute which forbids holding her liable for the debt of another, unless by virtue of her own contract in writing and signed by her, is thus complied with.  Evidence of the real and actual consideration of the mortgage may always be given by parol.  Either party is always at liberty to show for any purpose, except to prevent its operation as a valid deed or mortgage, that the consideration was different from that named in the instrument.  (*Murray* v. *Smith*, 1 Duer, 412, and cases cited.) .This principle is not affected because one of the parties · to the instrument is a surety for some third person.  Thus, in this case, it seems to me plain that parol evidence is admissible to show that the consideration for the execution of this written security for the payment of ten thousand dollars was the indebtedness then existing or subsequently to be incurred of Mr. Hard, the husband of the mortgagor, to Mr. Bork, or to any firm of which he was a member.  The mortgagor must be privy to such consideration.  The evidence of the real consideration does not change the liability of the party signing the mortgage.  It shows the reasons for assuming the obligation and the character thereof.

While the instrument might show a pecuniary consideration for its execution, parol evidence is admissible to show that the consideration was other than pecuniary. And this has been held not to violate the general rule that parol evidence is not admissible to contradict a writing. (Case above cited.) The same principle applies to the case of a surety. The consideration, while open to explanation, cannot be enlarged so as to enlarge the liability beyond that which the party has entered into in writing. The amount of the indebtedness of her husband for which Mrs. Hard's property described in the mortgage could be held liable, cannot in any event exceed ten thousand dollars and interest properly cast. She has only offered her land as security to that extent and she cannot be held beyond it by virtue of any parol agreement. She agreed to hold her land liable to secure the payment of ten thousand dollars in sums and at the times mentioned in the mortgage, and her land is not liable to secure the payment of any greater sum or at any other times than as she promised. Any indebtedness therefore which her land could secure must have been incurred and have become due not later than the times indicated for the payment of the moneys set out in the mortgage. Within the principle permitting parol evidence as to the consideration for which a written instrument was executed, it is entirely competent to show that the consideration upon which the defendant, Mrs. Hard, executed, the mortgage to secure the payment of ten thousand dollars was the indebtedness of her husband then existing or thereafter to be incurred in favor of Mr. Bork or in favor of any firm of which he was a member. The agreement by which Mrs. Hard answers for the debt of a third person is the written mortgage signed by her. The consideration for the written agreement may be proved by oral evidence. This consideration will be a matter for proof upon the new trial which must be had, and we will not anticipate further the questions which may possibly be raised on such new trial.

One other question will necessarily be passed upon on the new trial, and that is the question of the rate of interest. It

arises now, and we think we should decide it. The referee gave judgment for the principal sum as set out in the mortgage, with interest at 7 per cent, up to the entry of the judgment.

The mortgage contained a provision for the payment of ten thousand dollars, as stated in the commencement of this opinion.

This is not like the agreement to pay interest on a principal sum at 7 per cent, until the principal sum is paid, such as the case of *Taylor* v. *Wing* (84 N. Y. 471, 477).

In the present case the amount of principle was stated, and it was agreed to be paid in installments of twenty-five hundred dollars in four annual payments, and the sums remaining from time to time unpaid were to bear interest at 7 per cent. This clearly meant that the interest on the principal sum, which, by the terms of the mortgage, was not due, was to be at 7 per cent. Thus the whole principal sum of ten thousand dollars was to be at an interest of 7 per cent from the time of the execution of the mortgage until an installment became due, and then when the installment was paid the interest on the balance remaining unpaid, but not yet due, was also to be at the same rate. If an installment were not paid when due, the contract was violated, and interest after that upon such installment could only be recovered as damages and at the rate of interest authorized by law. (*Bennett* v. *Bates*, 94 N. Y. 354; *O'Brien* v. *Young*, 95 id. 428.)

This leaves the mortgage running at 7 per cent interest upon all sums unpaid up to the time when the legal rate was reduced to 6 per cent, and from that time on at the reduced rate.

For the reasons above given the judgment should be reversed, and there must be a new trial, with costs to abide the event.

All concur.

Judgment reversed.