D. Ormonde Ritchie, J.
This is an application made on behalf of the plaintiff for an order amending the report of a Referee appointed to compute the amount of interest and principal due on a note secured by a mortgage on real property which is the subject matter of the foreclosure action.
The Referee computed interest on the unpaid balance due on the note at the rate of 6% per annum from November 1, 1967, the date of the default by the mortgagor, to September 11, 1968, the date of the report. It is the contention of the plaintiff that on and after July 1, 1968, interest should have been computed at the rate of 7%% per annum.
By chapter 349 of the Laws of 1968, the Legislature amended section 5-501 of the General Obligations Law. By the same chapter, the Legislature enacted section 14-a of the Banking Law.
Prior to its amendment, section 5-501 of the General Obligations Law prescribed the legal rate of interest in this State, except as otherwise provided by law, to be 6% per annum. As amended, section 5-501 fixed the legal rate of interest, except as otherwise provided by law, to be the rate prescribed by the Banking Board pursuant to section 14-a of the Banking Law, or if no rate has been so prescribed, 6% per annum.
Section 14-a of the Banking Law authorized the Banking Board for the period ending September 1, 1971 to prescribe the rate of interest provided in section 5-501 of the General *822 Obligations Law,, limiting the rate to be so prescribed as not less than 5% per annum nor more than 7%% per annum. Pursuant to the authority vested in it by section 14-a of the Banking Law, the Banking Board adopted a resolution, part 34 (General Regulation No. 37), section 34.1, effective July 1, 1968. The language of the resolution, insofar as pertinent to this application, provides: “ Interest rate. For the purpose of sections 5-501 and 5-524 of the General Obligations Law and sections 108(1), 173(1), 202(1), 235-b, 293-a(l), 380-e, 454(12) (a)'(6), 510-a(l) and 577(1) of the Banking Law and except as otherwise provided by law, the maximum rate of interest to be charged, taken or received, upon a loan or forbearance of any money, goods, or things in action, made on or after July 1, 1968, and before the earlier of (a) the effective date of an amendment to this regulation fixing a new maximum rate of interest or (b) September 2, 1971, shall be 7.25% per annum.” (3 NYCRR 34.1.)
An examination of the decisional law in this State involving the question of computation of interest where the maximum rate has been increased or decreased by legislation reveals that the rulings are uniform in holding that in the absence of an express agreement between the parties or of legislative provision, the increase or decrease operates in pari passu and attaches upon the maturity of the obligation, whether the maturity date is .fixed by the terms of the instruments creating the obligation or is occasioned by the default or other act of the obligor permitting acceleration of the maturity date.
In O’Brien v. Young (95 N. Y. 428, 429) the court held: “ By a decided weight of authority in this State, where one contracts to pay a principal sum at a certain future time with interest, the interest prior to the maturity of the contract is payable by virtue of the contract, and thereafter as damages for the breach of the contract ”.
In Ferris v. Hart (135 N. Y. 354) the mortgagor executed a bond secured by a mortgage upon real property. The principal secured was $10,000 with interest at the rate of 7% per annum. The principal was payable in four equal installments of $2,500 on the 10th of September in each of the years 1876, 1877, 1878 and 1879. A default was made in payment of the entire principal. The report of the Referee computed interest on the principal sum at the rate of 7% per annum from the date of tile default up to the entry of judgment. General Term affirmed the judgment entered upon the report of the Referee. In reversing General Term, the Court of Appeals passed upon the question of the rate of interest stating (p. 365): “In the *823 present case the amount of principal was stated, and it was agreed to he paid in installments of twenty-five hundred dollars in four annual payments, and the sums remaining from time to time unpaid were to bear interest at 7 per cent. This clearly meant that the interest on the principal sum, which, by the terms of the mortgage, was not due, was to be at 7 per cent. Thus the whole principal sum of ten thousand dollars was to be at an interest of 7 per cent from the time of the execution of the mortgage until an installment became due, and then when the installment was paid the interest on the balance remaining unpaid, but not yet due, was also to be at the same rate. If an installment were not paid when due, the contract was violated, and interest After that upon such installment could only be recovered as damages and at the rate of interest authorized by law ”.
In Pryor v. City of Buffalo (197 N. Y. 123, 143) the court stated: “ It seems to be the general rule of law that the rate of interest is fixed by the contract to pay money up to the time of default, but after breach the rate of interest is determined, not by the contract, but by statute
Similar rulings, to the effect that after maturity of an obligation to pay money, the rate of interest thereon is to be computed at the statutory rate, are found in People ex rel. Emigrant, Ind. Sav. Bank v. Sexton (284 N. Y. 57, 62) and in Syracuse Trust Co. v. First Trust & Deposit Co. (239 App Div. 586).
It is the ruling of this court that precedent has established that after maturity of an obligation, whether occasioned by the due date or by a default or other act on the part of the obligor that permits acceleration of maturity, the rate of interest is to be computed from the date of maturity or the date of default resulting in the maturity of the obligation at the rate then prescribed by statute.
The effective date of the increase of interest was established as July 1, 1968. On and after that date interest on the unpaid principal of the note in default should have been computed at the rate of 71/4% per annum, and it is directed that the report of the Referee be amended accordingly.