Irwin D. Davidson, J.
Defendants William Marshall Productions have obtained judgment against plaintiff on a counterclaim in the amount of $25,000 plus interest from May 15, 1964. Plaintiff has tendered a check to defendants in the amount of $32,438.35 which includes principal plus interest computed at the rate of 6% per annum. Defendant has refused this tender and plaintiff now moves for an order compelling acceptance.
Defendants allege that acceptance of the tender may waive its right to appeal. Defendant has filed a notice of appeal but states that it is not appealing from that part of the judgment under question here. Defendant further alleges that the interest rate must be computed at 7.25% from July 1, 1968 to February 16,1969 and at 7.5% thereafter.
As defendant is not appealing that part of the decision which resulted in the judgment herein, it is clear that, by accepting the payment offered, it does not waive any right to appeal any other part of the decision. Failure of defendant to accept a valid tender will halt the accumulation of interest (CPLR 3219; Mintz v. Prudential Ins. Co., 38 Misc 2d 394).
The sole question remaining is the rate at which interest on the judgment must he computed. CPLR 5004 provides that “ Interest shall be at the legal rate, except where otherwise provided ”. The definition of legal rate has traditionally been interpreted from the so-called usury statute (General Obligations Law, § 5-501).
However, by chapter 349 of the Laws of 1968, section 5-501 of the General Obligations Law was amended to read that ‘1 The rate of interest as computed pursuant to this title upon the loan or forbearance of any money, goods or things in action, except as otherwise provided by law, shall be the rate prescribed *863 by the hanking board pursuant to section fourteen-a of the banking law, or if no rate has been so prescribed, six per centum per annum.”
Under section 14-a of the Banking Law the Banking Board has the power to regulate “ a rate of interest not less than five per centum per annum nor more than seven and one-half per centum per annum as the maximum rate of interest to be charged, taken or received, upon a loan or forbearance of any money, goods or things in action, except as otherwise provided ”.
Pursuant thereto, the Banking Board promulgated General Regulation 37 which provided in part ‘ ‘ For the purpose of the General Obligations Law and * * * [certain enumerated sections] * * * of the Banking Law and except as otherwise provided by law, the maximum rate of interest to be charged, taken or received, upon a loan or forbearance of any money, goods or things in action, made on or after July 1, 1968 * * * shall he 7.25% per annum.” In February of 1969, the regulation was amended raising the maximum rate to 7.5 per cent, effective February 16, 1969 (3 NYCRR 4.1). The question presented is the applicability of these rates to interest on a money judgment.
On May 2, 1969, Mr. Justice Crisoxa rendered in an exhaustive and learned decision in an action on the foreclosure of a mortgage, that the new interest rates applied to the judgment resulting therefrom (Jamaica Sav. Bank v. Giacomantonio, 59 Misc 2d 704; see, also, Dime Sav. Bank v. Carlozzo, 58 Misc 2d 821). As far as this court can find, no decision in point has yet been rendered in this department.
However, on November 21, 1968, the Attorney-General of the State of New York rendered an opinion to the County Clerk and Clerk of the Supreme Court of New York County ruling that the legal rate of interest on money judgments remains at 6% per annum despite the aforesaid amendments to the General Obligations Law and Banking Law. This decision was published on January 16, 1969 (New York Law Journal, p. 1). In light of this conflict, the court herein feels it must reach its own decision.
Historically, the courts and legislative bodies have not looked kindly upon the view that a plaintiff is entitled to interest on his claim from the time of defendants ’ default until an award is made by the trier of the facts (5 Weinstein-Korn-Miller, N. Y. Prac., par 5001.01 and cases and treatises cited therein). It would thus appear incumbent upon the court to construe the statutes concerning the applicability and amounts of interest strictly. Interest should not be awarded without specific legis *864 lative authority, unless 'discretion is given the court (see CPLR 5001, subd. [a]). Bearing this strict construction in mind, a review of the new statutes and amendments reveals that the Legislature has given the courts no specific authority to raise the interest rates on a money judgment. With all due respect to the learned Mr. Justice Crisoua, the court cannot use its discretion to say that the Legislature meant to include money judgments in absence of any amendment so stating or including CPLR 5004. In addition, the argument of the Attorney-General is most persuasive in that the terms of the statute restrict the new interest rates to a “ loan or forbearance of any money, goods or things in action ”, and it is beyond dispute that a judgment, once rendered, is not a loan or forbearance although the judgment may be based upon a loan or forbearance (Ferris v. Hard, 135 N. Y. 354). While the recent case of Mandelino v. Fribourg (23 N Y 2d 145), referred to by the Attorney-General in his aforesaid opinion, is not directly in point, it does indicate that the Court of Appeals has adopted the rule of strict construction in defining ‘‘ loan or forbearance ’ ’ where interest rates are concerned.
While it is true that sections 370 and 371 of the General Business Law (the predecessor to section 5-501 of the General Obligations Law) did not specifically refer to money judgments, the court notes that the amended law still retains the basic interest rate of 6% per annum if no other rate has been prescribed.
The court takes further note of the general increase in interest rates and the so-called “ cost ” of money, but I hold that the remedy is legislative and not judicial.
Accordingly, plaintiff’s motion is granted to the extent that upon the failure of defendant to accept tender of the aforesaid amount of the judgment, with 6% interest as aforesaid, same shall be accepted by the County Clerk as satisfaction of said judgment.