## THIRD DEPARTMENT, OCTOBER, 1969.

### (October 7, 1969)

■ · In the Matter of JOHN GRAZIANO, SR., et al., Respondents, v. THOMAS F. DONOHUE et al., Constituting the Board of Elections of the County of Albany, et al., Appellants.— MEMORANDUM BY THE COURT. Appeal from an order of the Supreme Court at Special Term, entered October 3, 1969 in Albany County, which, in proceedings under section 330 of the Election Law, directed the Board of Elections of the County of Albany to place the names of petitioners on the ballot as candidates of the Action Party at the general election to be held on November 4, 1969. The question raised in this case is whether the recent amendment (L. 1969, ch. 675, eff. May 21, 1969) of subdivision 6 of section 138 of the Election Law bars persons who signed a designating petition for a candidate in a primary election (but who did not vote in such primary election) from signing an independent nominating petition. Prior to the 1969 amendment, subdivision 6 of section 138 provided that the name of a person signing an independent nominating petition "shall not be counted * * * if the name * * * appears upon another petition nominating the same or a different person for the same office.". In *Matter of Di Crocco* v. *Power* (12 N Y 2d 762), the Court of Appeals held that a person who merely signed a designating petition was not barred from signing an independent nominating petition of a candidate for the same office. As a result of the 1969 amendment, subdivision 6 of section 138 now states that the name of a person signing an independent nominating petition "shall not be counted * * * if the name * * * appears upon another petition *designating or* nominating the same or a different person for the same office." (Emphasis supplied.) Special Term held that the 1969 amendment should not be applied retroactively so as to make persons who had signed designating petitions prior to its effective date ineligible to sign independent nominating petitions, validated the petitions, and directed the Board of Elections to place the candidates' names on the ballot. It is well recognized that absent an unequivocal expression of the Legislature of a contrary intent, statutes and amendments are construed as prospective only but we fail to see how this principle supports petitioners' position. On May 21, the effective date of the amendment, no person had signed petitioners' nominating petitions, as they could not be circulated until July 25, some two months in the future. The amendment did not purport to invalidate any petition which had been executed prior to its effective date, or otherwise affect acts or facts occurring before it came into force, and thus was prospective in its effect. The Legislature is vested with the power to promulgate reasonable regulations for the conduct of elections, and it is presumed that there is a factual basis and necessity for its action (*Matter of Davis* v. *Board of Elections*, 5 N Y 2d 66). Order reversed, on the law, and petitions dismissed, without costs. Aulisi, Staley, Jr., Cooke and Greenblott, JJ., concur in memorandum by the court; Herlihy, P. J., taking no part.

■ In the Matter of GEORGE F. SCHNELL et al., Appellants, v. THOMAS F. DONOHUE et al., Constituting the Board of Elections of the County of Albany, et al., Respondents.— MEMORANDUM BY THE COURT. Appeal from an order of the Supreme Court at Special Term, entered October 2, 1969, in Albany County, which dismissed petitions under section 330 of the Election Law. The nominating petitions filed herein were defective and void for failure of compliance with the requirements of subdivisions 1 and 2 of section 138 of the Election Law. Order affirmed, without costs. Aulisi, Staley, Jr., Cooke and Greenblott, JJ., concur in memorandum by the court; Herlihy, P. J., taking no part.