RACHLIN & Co. et al., Respondents-Appellants, *v.* TRA-MAR, INC., et al., Appellants-Respondents.

First Department, March 5, 1970.

*John C. Lankenau* of counsel (*Lankenau & Kovner,* attorneys), for respondents-appellants.

*Nathaniel M. Sokolski* for appellants-respondents.

EAGER, J. P. The parties cross-appeal from a judgment rendered in favor of plaintiffs following a nonjury trial of an action to recover sums of money allegedly owing to the plaintiffs as brokers in connection with the sale of certain real property to the defendants. For the reasons hereinafter stated, we conclude that the plaintiffs' recovery should be reduced in amount and modified as to the interest to be paid by the defendants.

The plaintiffs established a right of recovery against the defendants on the basis of an agreement made in May 1955 whereby the defendants agreed to pay brokerage commissions of $45,000, to be paid $22,500 on the closing of title and the balance of $22,500 upon the satisfaction of the third mortgage to be given by the purchaser to International Trade Mart, the seller, at the closing of title. The writings in evidence sufficiently establish that such was the agreement of the defendants.

Shortly after the closing of title, the sum of $20,000 was paid to plaintiffs on account of the commissions, leaving a balance of $2,500 due on the first installment. The said sum, due in May, 1955, was not paid and has not been paid, and the defendants assert the Statute of Limitations as a bar to recovery thereof. The plaintiffs, however, allege that, at about the time of the closing of title, the parties agreed that this portion ($2,500) of the commission should also be paid upon the satisfaction of the third mortgage, thus postponing the date of payment. Although there is some evidence of an understanding that the defendants would pay the $2,500 at the later time, it does not appear from the record that there existed any binding agreement between the parties for an extension of the time of payment. In point of fact, there is no showing of any consideration for an agreement of forbearance. '' To allow the statute to be tolled by discussions and alleged parole understandings, without suggestion of fraud, would tend to subvert the purpose and effect of the statute, and this, of course, is not to be permitted. (*Shapley* v. *Abbott,* 42 N. Y. 443; *Wakulaw* v. *State Bank,* 214 App. Div. 673; also *Scheuer* v. *Scheuer,* 308 N. Y. 447, 452; *Augstein* v. *Levey,* 3 A D 2d 595, affd. 4 N Y 2d 791.) '' (*Matter of Finkelstein* [*Harris*], 17 A D 2d 137, 140.) Under the circumstances, the right of plaintiffs to recover this balance of $2,500 is barred by the Statute of Limitations and the judgment should be modified accordingly.

Furthermore, the judgment should be modified to strike the award of attorneys' fees to the plaintiffs. The defendants are not in any way obligated to the plaintiffs by the provisions of the note covering the third mortgage for the payment of an attorney's collection fee of 10% of an amount due thereunder. The plaintiffs were not named as payees in and did not become the holders of the note which was secured by the third mortgage. They do not possess any right of recovery thereunder derived from the payee, International Trade Mart, nor did they establish the right to recover thereunder as third-party beneficiaries. Simply stated, the provisions of the note do not inure to the benefit of the plaintiffs and they were not entitled to a recovery thereunder of attorneys' fees.

There is proper support for the recovery by plaintiffs of the second commission installment of $22,500 due and payable upon the satisfaction of the third mortgage given to the seller. The plaintiffs' cause of action to recover such installment did not accrue until February 1, 1967 (the date of the satisfaction of the third mortgage). Consequently, the action insofar as it seeks a recovery of this installment was timely brought (see CPLR 203, subd. [a]; 213).

The plaintiffs are entitled to recover interest on the $22,500 from the February 1, 1967 payment date, but support is lacking for the trial court's award of interest for a period prior to such date. There was no proof of any agreement by the defendants for the payment of interest to plaintiffs on the deferred commission installment of $22,500. Where an indebtedness is payable at a future date, the agreement of the parties controls in the matter of the determination of whether interest shall be payable on the indebtedness pending maturity. In the absence of an agreement to the contrary, a creditor is limited to the recovery of interest from the date when the debt becomes due. " As a general rule, interest is allowed only when provided for by contract, express or implied, or by statute, or when, as damages, it becomes due after a default by the person liable for payment (*Matter of Ittleman* [*City of New York*], 286 N. Y. 150, mot. for rearg. den. 286 N. Y. 695; *De Soye* v. *Kaplan*, 23 A D 2d 560, 561–562, affd. 17 N Y 2d 532)." (*New York State Thruway Auth.* v. *Hurd*, 31 A D 2d 563, 564, affd. 25 N Y 2d 150; *Tunnell* v. *Tunnell*, 6 A D 2d 1036, affd. 6 N Y 2d 836.) Therefore, in the circumstances of this case, the plaintiffs are limited to a recovery of interest on the $22,500 from February 1, 1967, and the judgment should be modified accordingly.

The plaintiffs' right to recover interest from the due date of defendants' obligation follows as a matter of course by the

application of CPLR provisions. CPLR 5001 provides that interest " shall be recovered upon a sum awarded because of a breach of performance of a contract " and that the interest " shall be computed from the earliest ascertainable date the cause of action existed ". (Subds. [a], [b].) It is further provided that " Interest shall be at the legal rate, except where otherwise prescribed by statute." (CPLR 5004.)

The recovery of interest at the legal or statutory rate represents the proper award as damages for the breach of a contract to pay a principal sum on an agreed date. (See 32 N. Y. Jur., Interest and Usury, §§ 12, 13; *Ferris* v. *Hard*, 135 N. Y. 354, 365; *Pryor* v. *City of Buffalo*, 197 N. Y. 123; *People ex rel. Emigrant Ind. Sav. Bank* v. *Sexton*, 284 N. Y. 57, 62.) The theory supporting the award is that the creditor has lost by the detention of the debt or obligation the use of the money represented thereby. (See *O'Brien* v. *Young*, 95 N. Y. 428, including concurring opinion of ANDREWS, J., p. 435.) Upon the assumption that the value of the use of the principal sum to the creditor during the default of the debtor would equal interest at the statutory rate, the law properly measures his loss of such use at the statutory rate. (See concurring opinion of ANDREWS, J. in *O'Brien* v. *Young*, *supra*, p. 435.)

The " legal rate " of interest, generally recoverable in accordance with statutory provisions, is that rate now established by section 5-501 of the General Obligations Law (see CPLR 5004 and decisions cited, *supra*). By virtue of the provisions of said section 5-501, the legal rate of interest was pegged at 6% until the section was amended by chapter 349 of the Laws of 1968. As thereby amended, effective May 15, 1968, the section provides: " The rate of interest as computed pursuant to this title upon the loan or forbearance of any money, goods, or things in action, except as otherwise provided by law, shall be the rate prescribed by the banking board pursuant to section fourteen-a of the banking law, or if no rate has been so prescribed, six per centum per annum."

Chapter 349 of the Laws of 1968 also added section 14-a to the Banking Law and thereby it was declared to be the policy of the State that the rate of interest provided for in the aforesaid section 5-501 of the General Obligations Law " shall be adjusted by the banking board in response to changed economic conditions in such manner as to insure the availability of credit at reasonable rates to the people of the state while affording a competitive return to persons extending such credit." It is further provided by said newly added section that in order to effectuate the declared policy, the Banking Board shall have

the power "from time to time, but not more often than quarterly, to prescribe by regulation a rate of interest not less than five per centum per annum nor more than seven and one-half per centum per annum as the maximum rate of interest to be charged, taken or received, upon a loan or forbearance of any money, goods or things in action, except as otherwise provided by law " (§ 14-a, subd. 2, par. [a], subpar. [1]).

Pursuant to the authority of said section 14-a, the Banking Board duly adopted regulations providing for increases in the rate of interest as provided for in section 5-501 of the General Obligations Law. The regulation as it now reads (§ 4.1 of General Regulations of the Banking Board) is as follows: "For the purpose of General Obligations Law, sections 5-501 * * * and except as otherwise provided by law, the maximum rate of interest to be charged, taken or received, upon a loan or forbearance of any money, goods, or things in action, made on or after July 1, 1968 and before February 16, 1969 shall be 7.25% per annum, and the maximum rate of interest to be charged, taken or received, upon a loan or forbearance of any money, goods, or things in action, made on or after February 16, 1969 and before the earlier of (a) the effective date of an amendment to this Part fixing a new maximum rate of interest or (b) September 2, 1971, shall be 7.50% per annum." (3 NYCRR 4.1.)

The increases in the legal rate of interest, as established by the Banking Board pursuant to law, control to fix the rate of interest recoverable upon a past due demand from the effective dates of the increases in rate. See *O'Brien* v. *Young,* 95 N. Y. 428, *supra;* 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5004.01; *Jamaica Sav. Bank* v. *Giacomantonio,* 59 Misc 2d 704; *Dime Sav. Bank* v. *Carlozzo,* 58 Misc 2d 821; *Gelco Bldrs.* v. *Simpson Factors Corp.,* 60 Misc 2d 492. See, also, "The Dispute Over the 'Legal Rate' of Interest", David D. Siegel, CPLR 5004, Supplementary Practice Commentary, 1969; "New York's New Legal Rate of Interest; Law of Damages ", George H. Sintenis, 41 New York State Bar Journal, 278, N. Y. L. J. March 13 and 14, 1969.) "If the rate of interest is changed during the default, the damages increase or diminish *pari passu* in the absence of any exception in the statute. The rule of damages does not change, but simply the computation." (*O'Brien* v. *Young, supra,* pp. 435–436.)

In addition to the ample authority noted above, general principles and strong policy reasons justify a recovery of interest on defaulted debts at the increased legal rates. Adequate indemnification to the creditor, recovering for the breach of the contract to pay a principal sum, entitles him to be put in as

good a position as he would have been had the debtor abided by his contract to pay on the agreed date. (See 11 Williston, Contracts [3d ed.], § 1338.) Where, as is well known, money is readily and safely invested at the increased legal rate, a creditor is entitled to a recovery of interest at the increased rate as just and reasonable indemnification for the loss of use of the principal sum during the period of default. Furthermore, if a creditor's recovery of interest were to be limited to a rate less than the prevailing statutory rate, debtors would be induced to delay payment as long as possible. Certainly, there is no justification for the adoption of a rule encouraging defaults at the expense of creditors lawfuly entitled to prompt payment of indebtedness due and owing.

In view of the foregoing, the judgment herein should be modified, on the law and the facts, to strike the recovery of $2,500 representing the unpaid portion of the first half installment of the brokerage commissions, to strike recovery of the 10% awarded as attorneys' fees, and to modify the interest to provide that interest shall be recoverable by plaintiff on $22,500 from February 1, 1967 to be paid at the rate of 6% from such date until June 30, 1968, at the rate of 7¼% from July 1, 1968 to February 15, 1969, and thereafter at the rate of 7½% until entry of judgment and said judgment should otherwise be affirmed, without costs and disbursements.

CAPOZZOLI, NUNEZ and STEUER, JJ., concur.

Judgment unanimously modified, on the law and the facts, to strike the recovery of $2,500 representing the unpaid portion of the first half installment of the brokerage commissions, to strike recovery of the 10% awarded as attorneys' fees, and to modify the interest to provide that interest shall be recoverable by plaintiff on $22,500 from February 1, 1967 to be paid at the rate of 6% from such date until June 30, 1968, at the rate of 7¼% from July 1, 1968 to February 15, 1969, and thereafter at the rate of 7½% until entry of judgment, and said judgment is otherwise affirmed, without costs and without disbursements.