■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARVEY RICHARDSON, Respondent, v. JOHN T. DEEGAN, as Warden of Sing Sing Prison, Appellant.— In a habeas corpus proceeding, the appeal is from a judgment of the Supreme Court, Westchester County, dated October 1, 1969, which directed that the Department of Correction "compute good behavior time allowances against the remaining portion of petitioner's maximum term", etc. Judgment affirmed,

without costs. In our opinion, the law in effect at the time of relator's release and the declaration of his delinquency should control the consequences of his violation of parole (*People ex rel. Kurzynski* v. *Hunt,* 250 App. Div. 378, 380). As a general rule, statutes and amendments thereto are accorded prospective effect only, unless a clear expression of a contrary legislative intent is found (cf. *Matter of Mulligan* v. *Murphy,* 14 N Y 2d 223, 226; *Kaplan* v. *Kaplan,* 31 A D 2d 247). If the purpose of the forfeiture provision added to subdivision 5 of section 803 of the Correction Law is to deter parole violations, it makes no sense to impose that penalty provision for a violation which occurred prior to the amendment (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 96). Such retroactive application would expose the amendment to attack as an ex post facto law by exacting a penalty which did not exist at the time of the parole violation and inflicting a greater punishment for the violation than the law affixed to it when it was committed (*People ex rel. Lonschein* [*Mencher*] v. *Warden of Queens House of Detention for Men,* 43 Misc 2d 109, 112–113, affd. 15 N Y 2d 663; *People ex rel. Pincus* v. *Adams,* 274 N. Y. 447, 454). Christ, P. J., Rabin, Hopkins, Munder and Brennan, JJ., concur.