**Edda KAUFMAN, Plaintiff,**

v.

**The CHASE MANHATTAN BANK, NATIONAL ASSOCIATION, Defendant.**

**No. 71 Civ. 60 (DNE).**

United States District Court, S. D. New York, Civil Division.

Jan. 2, 1974.

Sidney Tolmage, of Tolmage & Harris, New York City, for plaintiff.

Samuel Halpern, Konheim, Halpern & Bleiwas, New York City, for defendant.

OPINION

EDELSTEIN, Chief Judge:

In October 1973, this court granted plaintiff's motion for summary judg-

ment in plaintiff's suit to recover the face amount, plus interest and costs, of an official bank check issued by defendant, and directed the parties to submit a proposed judgment for court approval. 370 F.Supp. 276 (SDNY 1973). Subsequently, plaintiff filed a proposed judgment which included $4,465.22 in interest computed for the period February 10, 1970 to November 10, 1973 (the date of the proposed judgment). It is defendant's objection to this amount of interest which has precipitated the present controversy.

The defendant maintains that, under New York law, the rate of interest for the period involved should be calculated on the basis of 6% per annum. Plaintiff contends, however, that because of a series of legislative enactments and administrative pronouncements affecting interest rates between February 16, 1968 and September 1, 1972, the rate of interest should be 7.50% per annum for the period February 10, 1970 to August 31, 1972, and 6% per annum thereafter. It is this court's opinion that plaintiff has correctly applied New York law in computing the amount of interest for the February 10, 1970 to November 10, 1973 period. This amount will have to be recalculated, however, to include the interest that accrued between the date of the proposed judgment and the date judgment is entered.

■ Under New York law, the rate of interest on money judgments is prescribed statutorily in N.Y.C.P.L.R. § 5004. The current rate of interest under § 5004, which became effective September 1, 1972, is 6% per annum.[1]

However, prior to September 1, 1972, § 5004 required that interest on money judgments be computed at the "legal rate," which, until 1968, was fixed at 6% per annum by § 5–501(1) of the N.Y. Gen.Obl.Law, McKinney's Consol.Laws, c. 24–A, and its predecessor, Gen.Bus.Law § 340, McKinney's Consol.Laws, c. 20.[2] In 1968, § 5–501(1) was amended to give the State Banking Board discretion to establish the maximum rate of interest.[3] The Banking Board then began to raise the interest rate: between February 16, 1968 and June 30, 1968, the rate was increased to 7.25% per annum; and, effective July 1, 1968, the rate was increased to 7.50% per annum. Gen.Regs. of Banking Board § 4.1 (3 N.Y.C.R.R. § 4.1). Notwithstanding these changes, the use of the 6% rate has not been abandoned in the computation of interest. Kay Lewis Enterprises v. Lewis Marshall Joint Venture, 59 Misc.2d 862, 300 N.Y.S.2d 705 (Sup.Ct.1969) (contending that the 1968 amendment of § 5–501(1) did not alter the rate of interest on money judgments); Siegel, "Supplementary Practice Commentary, The Dispute Over the 'Legal Rate' of Interest," N.Y.Civ.Practice Law and Rules, § 5004, 1973–1974 Cumulative Annual Supplement, at pp. 185–189; *see also* the advisory opinion issued by the Attorney General of New York published in the New York Law Journal on January 16, 1969. It is this definition of "legal rate" that defendant urges this court to adopt. The majority of New York courts, however, have rejected this view and have applied the higher rates when applicable. Rachlin & Co. v. Tra-

---

1. N.Y.C.P.L.R. § 5004 states: "Interest shall be at the rate of six per centum per annum, except where otherwise provided by statute."

2. Prior to 1968, this clearly meant 6%. Section 5004, as originally enacted, stated, in pertinent part "Interest shall be at the legal rate . . . ." The Third Report of the C.P.L.R.'s draftsmen, the Advisory Committee, indicated that the "legal rate" contemplated by § 5004 was the rate established by § 340 of the General Business Law. Leg. Document No. 17, p. 92 (1959). In 1964, § 340 was replaced by § 5–501(1) of the Gen-

eral *Obligations Law*. The interest rate remained 6% per annum under the new section.

3. Section 5–501(1) of the Gen.Obl.Law states:

The rate of interest as computed pursuant to this title upon the loan or forbearance of any money, goods, or things in action, except as otherwise provided by law, shall be the rate prescribed by the banking board pursuant to section fourteen-a of the banking law, or if no rate has been so prescribed, six per centum per annum.

Mar, Inc., 33 A.D.2d 370, 308 N.Y.S.2d 153 (1st Dept.1970); Yamamoto v. Costello, 73 Misc.2d 592, 342 N.Y.S.2d 33 (Sup.Ct.1973); Gelco Builders & Burjay Constr. Corp. v. Simpson Factors Corp., 60 Misc.2d 492, 301 N.Y.S.2d 728 (Sup. Ct.1969); Jamaica Savings Bank v. Giacomantonio, 59 Misc.2d 704, 300 N.Y.S. 2d 218 (Sup.Ct.1969); Dime Savings Bank of Brooklyn v. Carlozzo, 58 Misc. 2d 821, 296 N.Y.S.2d 805 (Sup.Ct.1969); *see also* O'Brien v. Young, 95 N.Y. 428 (1884). Moreover, the Second Circuit, noting that the state courts are in disagreement as to which rate of interest to apply, has held that the district court should use the rate for computing interest as fixed by the Banking Board. Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 80–81 (2nd Cir. 1971) rev'd on other grounds 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973); Kotsopoulos v. Asturia Shipping Co., 467 F.2d 91 (2nd Cir. 1972). *Cf.* Pearlstein v. Scudder & German, 346 F.Supp. 443 (S.D.N.Y.1972). Clearly, it is incumbent upon this court to follow the mandate of the Second Circuit and the majority of New York courts.

■■ A second issue also is generated by defendant's objection to plaintiff's calculation of interest: whether the 6% interest rate established by the amendment to § 5004 is to be applied prospectively or retroactively. There are three reasons why this court believes that § 5004 should be read prospectively. First, a fundamental rule of statutory construction requires that statutes be construed prospectively, unless there is a clear expression to the contrary. Claridge Apartments Co. v. Comm'r of Internal Revenue, 323 U.S. 141, 65 S.Ct. 172, 89 L.Ed. 139 (1944); Hassett v. Welch, 303 U.S. 303, 58 S.Ct. 559, 82 L. Ed. 858 (1938). In New York, this rule has received not only judicial approval, Gleason v. Gleason, 26 N.Y.2d 28, 308 N.Y.S.2d 347, 256 N.E.2d 513 (1970); Mulligan v. Murphy, 14 N.Y.2d 223, 250 N.Y.S.2d 412, 199 N.E.2d 496 (1964); People ex rel. Richardson v. Deegan, 34

A.D.2d 835, 312 N.Y.S.2d 666 (2nd Dept. 1970); Graziano v. Donohue, 33 A.D.2d 578, 304 N.Y.S.2d 121 (3rd Dept. 1969), but legislative approval as well, N.Y. Statutes § 51 (McKinney 1971).

Nothing in the language of § 5004 fixing the rate of interest at 6% per annum, or in the legislative commentaries on the amendment to § 5004 contain any indication that the amendment should have retroactive effect. Absent a clear expression of legislative intent, this court will not apply retroactively this statutory change in the rate of interest. People ex rel. Emigrant Industrial Savings Bank v. Sexton, 284 N.Y. 57, 29 N. E.2d 469 (1940).

Secondly, one New York court, in Yamamoto v. Costello, 73 Misc.2d 592, 342 N.Y.S.2d 33 (Sup.Ct.1973) has held that § 5004 as amended is to be applied prospectively. Since *Yamamoto* is currently the most authoritative statement by New York court on the applicability of § 5004 as amended prior to September 1, 1972, there appears to be no sound basis for this court to reject the holding of *Yamamoto* and to apply § 5004 as amended retroactively.

Finally, the Second Circuit has implicitly rejected the retroactive application of § 5004. In Kotsopoulos v. Asturia Shipping Co., 467 F.2d 91 (2nd Cir. 1972), decided after September 1, 1972, the court had an opportunity to compute interest for the pre-September 1, 1972 period at 6%, but refused to do so. Although the court noted that the rate of interest was set at 6% as of September 1, 1972, the court ruled that, under New York law, interest was to be calculated at the Bank Board's rates.

Accordingly, the Clerk of the Court is hereby directed to enter the Judgment attached hereto with interest in the amount of $4,614.82, computed at 7.50% for annum for the period February 10, 1970 to August 31, 1972, and at 6% per annum for the period September 1, 1972 to January 2, 1974 (date of Judgment).

So ordered.